PEOPLE *v.* AUSTIN

CRIMINAL LAW—INEFFECTIVE COUNSEL.
>   Defense counsel's failure to raise the defense of insanity is not
>   evidence that the defendant had ineffective counsel.

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 November 2, 1970, at Detroit. (Docket No. 8349.)  Decided January 26, 1971.

David Lee Austin was convicted of armed robbery.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (State Appellate Defender), for defendant on appeal.

Before: McGREGOR, P. J., and HOLBROOK and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Attorneys at Law §§ 171, 183.
Attorney's liability for negligence in preparing or conducting litigation.  45 ALR2d 5.

PER CURIAM. Defendant was tried without a jury and found guilty of armed robbery. MCLA § 750-.529 (Stat Ann 1970 Cum Supp § 28.797). On February 3, 1969, the complaining witness was robbed at knife point of $25.88. The police followed the defendant by his tracks, which had been left in the snow, to a nearby house. After obtaining a warrant, the police found the defendant hiding in a trunk in one of the bedrooms. A knife which fit the description given by the complainant, $5.88, and some hypodermic needles were found in the bedroom. There was varying testimony regarding the defendant's appearance at the time of his arrest, but it appeared that he was under the influence of drugs and alcohol. Although the defense of insanity was not raised at trial, the defendant testified that he did not remember committing the crime because he was overcome by wine and heroin at the time.

On appeal, defendant's only contention is that he was denied a fair and impartial trial due to the fact that neither his defense counsel nor the trial judge raised the defense of insanity. We note that no notice was given to the prosecution regarding such defense, as is required by statute. MCLA § 768.20 (Stat Ann 1954 Rev § 28.1043). The prosecution contends that failure to give such notice constitutes a waiver. *People* v. *Munn* (1970), 25 Mich App 165; *People* v. *Swanigan* (1969), 20 Mich App 180. However, defendant asserts that this Court will review a serious mistake made by counsel if the mistake was so serious as to deny the appellant a fair and impartial trial. *People* v. *Degraffenreid* (1969), 19 Mich App 702; but *Munn, supra,* also stated that omission to raise this defense is not evidence of ineffective counsel.

Furthermore, an examination of the record does not support the position of the defendant. The trial

court did consider the issue of incapacity and accepted all evidence pertaining to it. There was sufficient evidence adduced at trial to show that the defendant did know what he was doing at the time the robbery was committed. There was no miscarriage of justice.

Affirmed.