### PEOPLE *v.* DONALD D. WILLIAMS.

1. RAPE—EVIDENCE OF OTHER OFFENSES.

   A qualified exception to the general rule that evidence of the commission of another offense by the defendant cannot be admitted for the purpose of showing that defendant was more likely to have committed the offense for which he is on trial, nor as corroborating the testimony relating to the commission of such principal offense, is made in cases involving statutory rape to permit admission of specific acts of impropriety between the prosecutrix and the accused for the purpose of showing opportunity, disposition of the parties, and intimate relations tending to break down self-respect and modesty (CLS 1961, § 750.520).

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—INTERROGATION BY POLICE.

   Interrogation of defendant by police which resulted in a statement by him that was later introduced in evidence on trial for statutory rape *held,* not to have deprived him of his constitutional rights, where he had previously consulted counsel and sought the interview, although his counsel was not present thereat (US Const, Am 6; Mich Const 1908, art 2, § 19; Mich Const 1963, art 1, § 20).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  20 Am Jur, Evidence § 310 *et seq.*
[2]  21 Am Jur 2d, Criminal Law § 314.
[3]  21 Am Jur 2d, Criminal Law § 241 *et seq.*

3. Rape—Speedy Trial.

> Record on trial of defendant on charge of statutory rape of his daughter, a trial had some 7 months after arraignment and which resulted in conviction of included offense of assault with intent to rape *held*, not to show he was prejudiced, as a result of the delay and no request was made for a more speedy trial, notwithstanding the State had been dilatory in processing the previous charge of incest (CLS 1961, § 750.520).

Appeal from Montcalm; Bebeau (Leo B.), J. Submitted Division 3 November 2, 1965, at Grand Rapids. (Docket No. 580.) Decided December 20, 1965.

Donald D. Williams was convicted of assault with intent to commit rape. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *C. Homer Miel,* Prosecuting Attorney, for the people.

*Robert D. Edsall,* for defendant.

Burns, J. Defendant Donald D. Williams, while serving a one-year sentence imposed on a charge not related to this case, was arraigned on a warrant charging the commission of the crime of incest brought on a complaint initiated by his daughter, Donna Williams. Defendant's daughter alleged the act of incest took place on or about February 17, 1963, but she did not complain to the authorities until shortly before the defendant's arraignment on July 17, 1963, explaining the delay was caused by her fear of her father.

The defendant requested an examination, which was held in the justice court on October 4, 1963. On December 10, 1963, at 1:30 p.m., the defendant was interrogated at the office of detective Earl R. DeBoer at the Michigan State police post at Rock-

ford. Defendant was then represented by counsel who was not present at the time of the interrogation.

On a petition of the prosecuting attorney, a *nolle prosequi* was entered by the court on January 20, 1964. Thereafter, on the same date, the defendant was arraigned on a new warrant charging the commission of the crime of statutory rape on complaint of his daughter Donna, a female child under the age of 16 years.[1] The rape charge contained the same averments as to venue and date as contained in the prior warrant charging the commission of incest. After a preliminary examination the defendant was arraigned on an information and was brought to trial by jury on February 11, 1964.

At the trial, Detective Earl R. DeBoer testified concerning the results of the interrogation of December 10, 1963, stating that the defendant had appeared voluntarily to answer questions concerning the then pending charge. Defendant denied the charge but made a statement admitting other immoral acts involving the same complainant. The jury returned a verdict of guilty to the lesser and included offense of assault with intent to commit rape.[2]

Defendant's counsel raises three relevant issues. Incorporated in this appeal are 19 other allegations of error set forth at the request and in the language of the defendant. An examination of this record discloses that the 19 errors proposed by the defendant are either completely refuted by the transcript or are not worthy of comment by this Court.

Counsel for the defendant contends that the court erred in allowing the detective to testify as to the defendant's admission, for the following reasons: (1) the admission related to a separate and distinct

---

[1] CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).—REPORTER.
[2] CLS 1961, § 750.85 (Stat Ann 1954 Rev § 28.280).—REPORTER.

offense not covered by the then pending charge; (2) the defendant's counsel not being present, the statement was inadmissible.[3]

It has long been the rule in Michigan that the evidence of the commission of another offense by the defendant cannot be admitted for the purpose of showing that the defendant was more likely to have committed the offense for which he is on trial, nor as corroborating the testimony relating to the commission of such principal offense. But in cases involving statutory rape, a qualified exception to the general rule permits proof of specific acts of impropriety between the prosecutrix and the accused for the purpose of showing opportunity, disposition of the parties, and intimate relations tending to break down self-respect and modesty. *People* v. *Jennes* (1858), 5 Mich 305; *People* v. *Gengels* (1922), 218 Mich 632; *People* v. *Treil* (1926), 235 Mich 469.

As to the second basis for objection raised by the appellant's counsel, it should be emphasized that this is not a case where the defendant was questioned for several days and was refused the services of an attorney as in the case of *People* v. *Hamilton* (1960), 359 Mich 410, or where a defendant has requested his attorney be present before or during interrogation as in *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L ed 2d 977). The interrogation in the instant case occurred after defendant had conferred with his counsel. In fact, during oral arguments before this Court, it was indicated that it was the defendant himself who sought this interview.

While there are no Michigan cases on this exact proposition of law, it would appear that the present case falls within the principle of *Williams* v. *South*

[3] See US Const, Am 6; Mich Const 1908, art 2, § 19; Mich Const 1963, art 1, § 20.—REPORTER.

*Carolina* (ED SC), 237 F Supp 360. When a defendant has ample opportunity to confer with his attorney and does not demand to see him during the entire interrogation, the defendant's constitutional rights are not violated.

The third ground raised by counsel is that the appellant's constitutional rights to a speedy trial were denied. It would appear that the State was dilatory in processing the charge of incest. However, on the instant charge before this Court, that of statutory rape, the State did proceed with a timely trial. Under the circumstances of this particular case, the defendant having served a portion of another sentence from the date of arrest on the former charge up to the date of trial in the instant case, and no showing having been made on this record of any request for a more speedy trial and the record having failed to indicate any prejudice to the defendant as a result of the delay, it is apparent that he was not prejudiced in any manner.

Judgment of conviction affirmed.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.