PEOPLE *v.* SPALDING

1. CRIMINAL LAW—SECOND OFFENDER—JURY.
Denial of a separate jury to hear a charge of being a second offender was not error, where the defendant did not allege that special prejudice had been created in the minds of the jury which had just convicted him of escape from prison (CLS 1961, §§ 750.193, 769.10).

2. CONSTITUTIONAL LAW—SPEEDY TRIAL.
The constitutional right to a speedy trial has no absolute standard of speed, but requires that the trial commence within a reasonable time, given all the circumstances.

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—SPEEDY TRIAL.
Delay of preliminary examination from January 18 to October 10 because a material witness in a prosecution for escaping from prison was ill, *held,* not an abuse of the judge's discretion, where defendant has not shown any prejudice to himself or his case as a result of the delay.

4. CRIMINAL LAW—DELAY OF TRIAL—DISCRETION OF JUDGE.
The trial judge by statute has discretion to decide when justice requires that a trial be delayed (CL 1948, § 766.7).

5. CRIMINAL LAW—ESCAPE FROM PRISON—DEFENSES—DURESS—INSTRUCTIONS TO JURY.
Jury instruction on duress was not necessary in trial for escape from prison where no evidence was produced from which it could be inferred that defendant was coerced, or under duress, or otherwise left prison involuntarily (CLS 1961, § 750.193).

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 10.
[2-4] 21 Am Jur 2d, Criminal Law § 241 *et seq.*
[5] 53 Am Jur, Trial § 546 *et seq.*
[6] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 4

6. Criminal Law—Escape From Prison—Specific Intent.
   Specific intent is not an element of the offense of escape from
      prison (CLS 1961, § 750.193).

Appeal from Jackson, John C. Dalton, J.  Sub-
mitted Division 2 February 4, 1969, at Detroit.
(Docket No. 4,888.)  Decided April 22, 1969.

Lawrence Spalding was convicted of escape from
prison and on being a second offender.  Defendant
appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *Vincent F. Stapley,* As-
sistant Prosecuting Attorney, for the people.

*Jerome A. Susskind,* for defendant.

BEFORE: Lesinski, C. J., and T. M. Burns and
J. J. Kelley,* JJ.

Per Curiam.  Defendant appeals his convic-
tions of escape from prison (CLS 1961, § 750.193
[Stat Ann 1962 Rev § 28.390]), and of being a second
offender (CLS 1961, § 769.10 [Stat Ann 1954 Rev §
28.1082]).

Preliminary examination was set for January 18,
1966, but on that date the judge delayed the exami-
nation at the request of the prosecution because a
material witness was ill.  The examination was held
on October 10, 1966.

Defendant was duly convicted by the jury of es-
cape from prison.  Immediately after rendition of
that verdict, defendant moved for a new jury on the
ground that the jury which had convicted him of

_____
* Circuit Judge, sitting on the Court of Appeals by assignment.

escape would be unduly prejudiced against him. After the court denied defendant's motion, the prosecution read to the jury the supplemental information charging that defendant was a second felony offender. The jury found defendant to be a second offender.

Defendant urges three grounds for reversal: (1) That the denial of a separate jury on the second offender charge deprived him of trial by an impartial jury, (2) that the delay in examination deprived him of a speedy trial, and (3) that the trial court failed to instruct on intent and on the effect of duress.

The recent opinion by this Court on rehearing in *People* v. *Stratton* (1968), 13 Mich App 350, exactly parallels the facts of this case as to handling of the second offender charge, and controls on that issue. This Court therein approved the procedure used in this case, noting that other states follow basically the same procedure, which does not violate due process as required of the states through the Fourteenth Amendment. *Burgett* v. *Texas* (1967), 389 US 109 (88 S Ct 258, 19 L Ed 2d 319); *Spencer* v. *Texas* (1967), 385 US 554 (87 S Ct 648, 17 L Ed 2d 606). We there held that a separate jury should be granted only when, in the discretion of the trial judge, it appears that some special prejudice against the defendant probably will be created in the minds of the jury by the peculiar facts of the substantive charge they have just heard. Here defendant alleges no such prejudice and none appears in the record. The trial judge properly exercised his discretion in denying a separate jury.

The right to a speedy trial is a constitutional right, but it has no absolute standard. The requirement is that the trial commence within a reasonable time given all the circumstances. *Hicks* v. *Judge of Recorder's Court of Detroit* (1926), 236 Mich 689. Since

circumstances can vary widely from case to case, the statute, CL 1948, § 766.7 (Stat Ann 1954 Rev § 28-.925), vests discretion in the trial judge to decide when justice requires that a trial be delayed. In this case, the record shows that the examination was delayed because a prosecution witness had had an operation and was hospitalized. At trial he testified that he had assisted in returning defendant to prison after the escape. No abuse of discretion appears. Moreover, defendant has not shown any prejudice to himself or his case as a result of the delay. *People v. Donald D. Williams* (1965), 2 Mich App 91, 95.

At trial no one produced any evidence from which it could even be inferred that defendant was coerced, or under duress, or otherwise left prison involuntarily. Lack of a jury question obviated necessity for an instruction on duress, or on specific intent which is not an element of the offense of escape.

Affirmed.