PEOPLE v. GRASTY

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—TIME—STATUTORY RULE—NONCOMPLIANCE.

Failure to comply with statutory ten-day preliminary examination requirement is a procedural error but it is not reversible error unless a miscarriage of justice results from it (MCLA § 766.4).

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—DELAY.

A five-day delay in conducting defendant's preliminary examination did not prejudice the defendant and was not reversible error where defendant failed to show that he was prejudiced by such delay or that he was denied a speedy trial.

3. TRIAL—JURY VERDICT—COURT CORRECTION.

Correction by trial judge of an improper verdict as announced by the jury foreman was justified as a trial judge is obligated to obtain an accurate verdict.

Appeal from Recorder's Court of Detroit, Gerald W. Groat, J. Submitted Division 1 January 6, 1970, at Detroit. (Docket No. 5,630.) Decided January 26, 1970.

David Lemuel Grasty was convicted by a jury of assault with intent to rob and steal being armed. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 445.
[3] 53 Am Jur, Trial § 1094.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Beitner and Beitner,* for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. Convicted by a jury and sentenced for assault with intent to rob and steal being armed,* defendant appeals on the basis of three alleged reversible errors.

Defendant was arraigned on the warrant January 12, 1967, at which time his preliminary examination was set for January 27, 1967. Defendant contends this violated the mandatory requirement of MCLA § 766.4 (Stat Ann 1954 Rev § 28.922) that examination be set not exceeding ten days after arraignment on the warrant, and that this violation constitutes reversible error.

There is nothing in the record to indicate why the magistrate set the preliminary examination 15 days after defendant was arraigned on the warrant. Failure to comply with the statutory ten-day requirement above mentioned was error, but it was a procedural error and it is not reversible error unless a miscarriage of justice resulted from it. *People* v. *Collins* (1968), 380 Mich 131.

Defendant was tried March 18, 1967, so he was not denied a speedy trial. He has demonstrated no prejudice to him by the five-day delay. This Court has recently held that a delay of the type presented

---

* MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

here is not reversible error. See *People* v. *Linscott* (1968), 14 Mich App 334.

On the basis of an excerpt taken from the prosecuting attorney's rebuttal argument to the jury, defendant claims a violation of the rule against "golden rule" jury argument, namely: asking the jury to place itself in the position of the complainant. Assuming the argument was objectionable, it was not objected to and it is not properly before this Court. *People* v. *Hider* (1968), 12 Mich App 526. The language complained of is not as objectionable as that approved in *People* v. *Laker* (1967), 7 Mich App 425.

Finally, defendant urges as reversible error the trial judge's efforts to correct an improper verdict as announced by the jury foreman. We find that the trial judge was not only justified to, he was obligated to obtain an accurate verdict, *People* v. *George Baker* (1967), 7 Mich App 7.

Affirmed.