PEOPLE *v.* MUNN

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — AMENDMENT OF COMPLAINT.

> Amendment of complaint and warrant by prosecutor at the preliminary examination was proper where the amendment merely substituted the "real property" destruction statute for the "personal property" destruction statute (MCLA § 750.380).

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—DELAY.

> A delay of 15 days before the holding of a preliminary examination, although error, does not necessarily require reversal (MCLA § 766.4).

3. EVIDENCE—CHAIN OF CUSTODY—PROBATIVE VALUE.

> Admission in evidence of a hammer with which defendant was alleged to have broken windows was proper, although a gap occurred in the chain of police custody when the hammer was tossed outside the visual scope of the arresting officer while he was subduing defendant and retrieved by another officer; the jury could determine its probative value.

4. CRIMINAL LAW—DEFENSES—INSANITY—RAISING ISSUE—EFFECTIVE COUNSEL.

> Failure of counsel to raise the issue of defendant's insanity in trial for malicious destruction of property over the value of $100, if a mistake of defense counsel, was not such a mistake as to deprive him of effective representation of counsel.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law § 451.
[2]  21 Am Jur 2d, Criminal Law § 445.
[3]  29 Am Jur 2d, Evidence § 774.
[4]  21 Am Jur 2d, Criminal Law §§ 54, 315.
[5]  21 Am Jur 2d, Criminal Law § 54.
[6]  30 Am Jur 2d, Evidence §§ 1080–1086, 1090, 1125.

5. CRIMINAL LAW—DEFENSES—INSANITY—RAISING ISSUE—INSTRUC-
   TIONS TO JURY.

   Failure of the trial court *sua sponte* to instruct the jury on
   the defense of insanity is not error where the defendant fails
   to raise the issue according to the method prescribed by stat-
   ute (MCLA § 768.20).

6. WITNESSES—CREDIBILITY.

   The issue of credibility of many contradictory witnesses is
   properly an issue for a jury to determine.

Appeal from Bay, Leon R. Dardas, J. Submitted
Division 3 May 8, 1970, at Grand Rapids. (Docket
No. 7,483.) Decided June 30, 1970.

Leo Munn was convicted of malicious destruction
of property of another valued in excess of $100.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Eugene C. Pen-
zien,* Prosecuting Attorney, for the people.

*James G. Orford,* for defendant on appeal.

Before: HOLBROOK, P. J., and BRONSON and
MUNRO,* JJ.

PER CURIAM. Defendant was tried before a jury
in the Bay County Circuit Court for malicious
destruction of property of another in excess of
$100.** The offense occurred after a brawl in front
of a restaurant run by complainant. The testimony
of the complainant and his wife tended to show that
defendant broke several plate-glass windows in the
restaurant after the fight. Other *res gestae* wit-

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** MCLA § 750.380 (Stat Ann 1970 Cum Supp § 28.612).

nesses contradicted one another as to when and how many windows were broken.

The prosecutor was permitted to amend his complaint and warrant at the preliminary examination. Defendant argues that his motion to dismiss should have been granted at that time. Since defendant had not been placed in jeopardy at this point, we do not differentiate this procedure from that of permitting the prosecutor to dismiss a complaint and warrant, and then immediately issue a new one. *Missaukee Prosecuting Attorney* v. *Missaukee Circuit Judge* (1891), 85 Mich 138; *People* v. *Tillard* (1947), 318 Mich 619. Further, since the prosecutor's amendment merely substituted the "real property" destruction statute for the "personal property" destruction statute, we think the facts of this case are readily distinguishable from those which required our decision in *People* v. *Mercer* (1967), 6 Mich App 644.

Defendant next urges that unreasonable delay occurred before the holding of the preliminary examination. MCLA § 766.4 (Stat Ann 1954 Rev § 28.922). The record is not clear as to what happened to the defendant between January 8, 1969, when the complaint and warrant were issued, and January 22, 1969, when the preliminary examination was held. Even assuming a delay of the full 15 days, although this would be error, it would not require reversal. *People* v. *Grasty* (1970), 21 Mich App 106; *People* v. *Linscott* (1968), 14 Mich App 334; *People* v. *Wickham* (1968), 13 Mich App 650.

Defendant also maintains that the admission into evidence of the hammer with which he was alleged to have broken the windows was error since the prosecutor failed to show a chain of police custody. The gap occurred when the arresting officer was attempting to subdue the defendant, and the ham-

mer was tossed outside his visual scope. Another officer retrieved it, and turned it over to the arresting officer. The hammer was properly admitted; the jury could determine its probative value. *People* v. *Smith* (1941), 296 Mich 176; *People* v. *Eaves* (1966), 4 Mich App 457.

Defendant's appellate counsel contends that the trial court erred in not instructing on insanity. If defendant committed the act as complainant described, he argues, he must have had a diseased mind at the time. Although defendant does not overlook the fact that this issue must be raised by pretrial notice under MCLA § 768.20 (Stat Ann 1954 Rev § 28.1043), he claims that the failure of his trial counsel to raise the issue properly deprived him of a fair trial and that he was thus denied effective representation. Because of this, he feels the trial court should have proceeded *sua sponte* to instruct on the issue of insanity. We stated in *People* v. *Degraffenreid* (1969), 19 Mich App 702, that defense counsel's mistake may be grounds for a new trial if serious enough. However, we do not mean to imply that any error or tactical omission at trial will require a new trial. In *People* v. *Swanigan* (1969), 20 Mich App 180, we determined that the trial court's failure to instruct the jury on the issue of insanity was not error where the issue was not properly raised by pretrial notice. We do not feel that defense counsel's failure to raise the issue of insanity here was error requiring a new trial.

Finally, defendant argues that the verdict is against the great weight of the evidence. The trial transcript shows that the basic issue for the jury was the credibility of the many contradictory witnesses presented. This was properly an issue for the jury to determine.

Affirmed.