PEOPLE *v* HESS

1. CRIMINAL LAW—SPEEDY TRIAL—STATUTES.

Statutes providing a time limitation upon delay of a criminal trial are supplementary to the constitutional provision for a speedy trial and are enacted to give it concrete form and force (MCLA 766.1, 766.4).

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—STATUTORY TIME LIMIT.

Failure to comply with the statutory ten-day preliminary examination requirement is a procedural error, but it is not reversible error unless a miscarriage of justice results from it (MCLA 766.4).

3. CRIMINAL LAW—SPEEDY TRIAL—TIME LIMIT.

The constitutional right to a speedy trial has no absolute standard of speed, but requires that the trial commence within a reasonable time, given all the circumstances (US Const, Am VI).

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—TIME LIMIT.

Failure to hold a preliminary examination within the statutory number of days did not constitute reversible error where the defendant had a prompt trial and the defendant had not shown any prejudice caused by the delay in holding the preliminary examination.

5. CRIMINAL LAW—PHOTOGRAPHIC IDENTIFICATION—DUE PROCESS.

Police, by showing the complaining witness photographs of the only two suspects to the crime, one of them being the defendant, violated due process because the photographic identification was so impermissibly suggestive as to give rise to

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law § 241.
[2–4]  21 Am Jur 2d, Criminal Law § 445.
[5, 8]  21 Am Jur 2d, Criminal Law § 369.
[6, 7]  21 Am Jur 2d, Criminal Law § 118.

a very substantial likelihood of irreparable misidentification as evidenced by the fact that the witness's in-court identification did not have an independent source of identification.

6. CRIMINAL LAW—WITNESSES—ACCOMPLICES—COMPETENCE.
   A criminal accomplice is competent to testify at the trial of a codefendant (MCLA 600.2158).

7. CRIMINAL LAW—WITNESSES—ACCOMPLICES—CREDIBILITY—UNCORROBORATED TESTIMONY.
   The credibility of an accomplice, like that of any other witness, is exclusively a question for the trier of fact, who may convict a defendant on the uncorroborated testimony of an accomplice.

8. CRIMINAL LAW—ILLEGAL IDENTIFICATION—HARMLESS ERROR.
   Allowing an in-court identification of the defendant, charged with armed robbery, by an eyewitness was not reversible error even though the witness had been shown photographs of the defendant in a pretrial identification process which violated due process and the in-court identification was not based upon an independent source where another participant in the robbery testified that defendant had accompanied him to the robbery site, had pulled a pistol, and had robbed the complainant.

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 December 7, 1971, at Lansing. (Docket No. 9793.) Decided February 28, 1972. Leave to appeal denied, 387 Mich 788.

Jack Hess was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Richard B. Whitney,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and TARGONSKI,* JJ.

PER CURIAM. On May 26, 1969, defendant was tried by a jury in Wayne County Circuit Court and convicted on a charge of armed robbery. MCLA 750.529; MSA 28.797. He now prosecutes this appeal alleging two grounds as error.

The first assignment of error is that an unexplained delay of 45 days between his arraignment and his preliminary examination has denied him his constitutional right to a speedy trial. Specifically, defendant claims this to be a violation of two Michigan statutes, MCLA 766.1; MSA 28.919 and MCLA 766.4; MSA 28.922.

"The state and accused shall be entitled to a prompt examination and determination by the examining magistrate in all criminal causes and it is hereby made the duty of all courts and public officers having duties to perform in connection with such examination, to bring them to a final determination without delay except as it may be necessary to secure to the accused a fair and impartial examination." MCLA 766.1; MSA 28.919.

"The magistrate before whom any person is brought on a charge of having committed an offense not cognizable by a justice of the peace, shall set a day for examination not exceeding 10 days thereafter, at which time he shall examine the complainant and the witnesses in support of the prosecution, on oath in the presence of the prisoner, in regard to the offense charged and in regard to any other matters connected with such charge which such magistrate may deem pertinent." MCLA 766.4; MSA 28.922.[1]

Statutes providing a time limitation upon delay of a criminal trial are supplementary to the consti-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] This statute has since been amended by 1970 PA 213, § 1.

tutional provision for a speedy trial and are enacted to give it concrete form and force. *People* v *Den Uyl,* 320 Mich 477 (1948). Notwithstanding, this Court has recently held that while a failure to have a preliminary examination within the required number of days without good cause is error, it is procedural error and not reversible error unless a miscarriage of justice resulted from it. *People* v *Grasty,* 21 Mich App 106 (1970); *People* v *Munn,* 25 Mich App 165 (1970). Further, even though the right to a speedy trial is a constitutional right under the Sixth Amendment, it has no absolute standards. *People* v *Spalding,* 17 Mich App 73 (1969). The requirement is that the trial commence within a reasonable time given all the circumstances. *People* v *Spalding, supra.* Taking this constitutional right into consideration, this Court has also held that the failure to have a preliminary examination within the statutory number of days did not deny the defendant his right to a speedy trial if in fact the defendant had a prompt trial. *People* v *Linscott,* 14 Mich App 334 (1968); *People* v *Spalding, supra.*

Defendant was arraigned on December 10, 1968, examined on January 24, 1969, and came to trial on May 21, 1969. At no time before the preliminary examination did defendant demand a more speedy examination. See, *People* v *Connors,* 27 Mich App 47 (1970); *People* v *Brown,* 19 Mich App 66 (1969); *People* v *Wickham,* 13 Mich App 650 (1968). Even though a 45-day period elapsed before the preliminary examination[2] which resulted in a technical violation of MCLA 766.4; MSA 28.922, defendant has not demonstrated any prejudice to himself or his case as a result of the delay. The time span of 160

---

[2] The record does not indicate the reason for the delay in the preliminary examination here, although the prosecution maintains that the delay was caused by an attempt to secure counsel for defendant.

days before trial, considering the magnitude of the crime and the number of the witnesses presented, was not excessive so as to deny defendant his right to a speedy trial. Therefore, since defendant was given a prompt trial and since he has shown no prejudice to him by the delay, we find no error requiring reversal. *People* v *Grasty, supra; People* v *Munn, supra; People* v *Linscott, supra.*

Defendant's second assignment of error is that the police, by showing the complaining witness photographs of only the two suspects to the crime (one of which was a picture of defendant), violated the pretrial identification procedures established in *Simmons* v *United States,* 390 US 377, 384; 88 S Ct 967, 971; 19 L Ed 2d 1247, 1253 (1968). In *Simmons,* the United States Supreme Court held that a photograph identification process violates due process when it is "so impermissibly suggestive as to give rise to a very substantial *likelihood of irreparable* misidentification". (Emphasis added.)

Michigan had adopted this reasoning and language of *Simmons. People* v *Smith,* 32 Mich App 232 (1971) ; *People* v *Edmonds,* 32 Mich App 172 (1971) ; *People* v *Schumacher,* 29 Mich App 594 (1971). Furthermore, not only is the pretrial identification inadmissible, but also all products of the illegal identification are inadmissible unless there is an independent source of identification. *People* v *Schumacher, supra; People* v *Hutton,* 21 Mich App 312 (1970).

In the present case, the fact that the witness was shown the photographs of only the two suspects in and of itself leads to a conclusion that the pretrial identification process was violative of *Simmons.* More than that, it cannot be demonstrated that the

in-court identification was based upon an independent source of identification as the witness did not get a clear look at defendant. He testified that he could not see the defendant's eyes, nor fully see the face and head, but being shown the photograph he was able to identify the defendant. Clearly, the test formulated in *Simmons* was violated here and the admission of the in-court identification was error; however, we find that it was error which did not prejudice the defendant and does not warrant reversal.

The next witness called by the prosecution was the other participant in the robbery, Donald Vint. He testified that defendant had accompanied him to the gas station on the evening in question, had pulled a .45-caliber automatic pistol, and robbed the attendant. Presumably, the reason why Vint gave such incriminating testimony was brought out on cross-examination that the charges against him had been dismissed.[3] However, whatever his reason was, MCLA 600.2158; MSA 27A.2158, provides that an accomplice is competent to testify at the trial of a codefendant. Further, we have held that the credibility of an accomplice, like that of any other witness, is exclusively a question for the jury, and therefore a jury may convict a defendant on the uncorroborated testimony of an accomplice. *People v Billings,* 19 Mich App 348 (1969); *People v Sawicki,* 4 Mich App 467 (1966).

Consequently, as a result of the damaging testimony given by Donald Vint, the error in the identification process was not prejudicial. See, *Harring-*

---

[3] This situation is not similar to that in *People v Evans,* 30 Mich App 361 (1971), where error was found in the refusal to admit evidence showing that a codefendant who had testified for the prosecution in the defendant's trial, received or hoped to receive favorable treatment in return for his implicating testimony.

*ton* v *California,* 395 US 250; 89 S Ct 1726; 23 L Ed 2d 284 (1969). The confession by Vint, and his implication of the defendant, was more than sufficient to convict defendant of armed robbery, and therefore, defendant's second issue, as with his first, cannot prevail on appeal.

Affirmed.