PEOPLE v WESTON

Docket No. 65995. Decided May 25, 1982. On request by the defendant for review of the record, the Supreme Court, after response by the prosecutor to an order to show cause why the defendant's conviction should not be reversed because of delay in conducting his preliminary examination, in lieu of granting leave to appeal, reversed the defendant's conviction and ordered his discharge from custody without prejudice to the prosecutor's right to reinstate a prosecution.

Ricky B. Weston was convicted of armed robbery by a jury in the Saginaw Circuit Court, Gary McDonald, J. The Court of Appeals, D. F. Walsh, P.J., and Bashara and Glaser, JJ., affirmed in an unpublished opinion per curiam, holding that the defendant suffered no prejudice because of the scheduling of his preliminary examination after the time prescribed by statute (Docket No. 44998). The defendant requests review of the record.

In a unanimous opinion per curiam, the Supreme Court *held:*

Prospectively from the date on which the opinion was filed, May 25, 1982, a person charged with a felony whose preliminary examination is not scheduled in compliance with the statute requiring the setting of a preliminary examination not more than 12 days after a person charged with a felony is brought before a magistrate is entitled to discharge.

1. The Code of Criminal Procedure provides that a person charged with a felony shall be brought before a magistrate for examination within 12 days and that a delay of the examination may be granted only for good cause shown to secure a fair and impartial examination to the accused.

2. A preliminary examination functions, in part, as a screening device to insure that there is a basis for holding a defendant to face a criminal charge. A defendant against whom there is insufficient evidence to proceed should be cleared and released as soon as possible. The notion that a presumptively innocent defendant should remain in custody until a time convenient for a magistrate to conduct a preliminary examina-

tion is exactly what the Legislature precluded in enacting the statute.

3. Failure to comply with the statute entitles a defendant to discharge. Since literal enforcement of the statute does not affect the integrity of the factfinding process, the decision is given prospective effect. Therefore, a defendant arraigned on a felony warrant after the date on which the opinion was filed and whose preliminary examination is not scheduled in compliance with the statute is entitled to a discharge from custody without prejudice to the prosecutor's right to reinstate the prosecution.

Conviction reversed and defendant discharged.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Kay F. Pearson,* Assistant Prosecuting Attorney, for the people.

*Nora J. Pasman,* Assistant State Appellate Defender, for defendant.

PER CURIAM. MCL 766.4; MSA 28.922 requires that a magistrate "set a date for a preliminary examination not exceeding 12 days" after the day on which a person charged with a crime is brought before the magistrate. There is no question in this case that the date set was more than 12 days after the defendant appeared in the district court. The magistrate was therefore required to discharge the defendant without prejudice to the prosecutor's right to later initiate an action against him.

I

The defendant was arrested on September 4, 1978, and charged with armed robbery[1] and possession of a firearm during the commission of a felony.[2] He appeared before the district judge on

[1] MCL 750.529; MSA 28.797.
[2] MCL 750.227b; MSA 28.424(2).

September 6, and the preliminary examination was scheduled for September 20, 1978, fourteen days later. It was adjourned until October 4, 1978. At the beginning of the examination on that date, defense counsel said:

"Defense is ready, your Honor. I would however like to point out to the court that preliminary examination in this matter was originally scheduled on September 20, 1978, the matter was adjourned by the court. This was not at the request of Mr. West, and [sic, he?] would have preferred to proceed under the 12-day rule."

The defendant was nevertheless bound over on both charges. The felony-firearm charge was dismissed by stipulation before trial. A jury subsequently found the defendant guilty of armed robbery.

The defendant continued his challenge to the scheduling of the preliminary examination in the Court of Appeals. That Court found no error requiring reversal because "we are not persuaded that defendant suffered any prejudice due to the delay". After the defendant filed a request for review[3] in this Court, we issued an order directing the prosecutor to show "why the defendant's conviction should not be reversed because of the delay in conducting the preliminary examination". The prosecutor's response and a reply by the defendant are now before us.

There is no explanation on the record why the preliminary examination was not initially scheduled until the 14th day or why it was adjourned

---

[3] 400 Mich lxvii.

for an additional 14 days.[4] The defendant was incarcerated during the entire period.

## II

MCL 766.4; MSA 28.922 provides:

"The magistrate before whom any person is brought on a charge of having committed a felony shall set a day for a preliminary examination not exceeding 12 days thereafter, at which time a magistrate shall examine the complainant and the witnesses in support of the prosecution, on oath in the presence of the accused, in regard to the offense charged and in regard to any other matters connected with the charge which the magistrate considers pertinent."[5]

The legislative significance attached to a prompt preliminary examination is underscored by the strict limitation on any delay contained in MCL 766.7; MSA 28.925:

"An adjournment, continuance, or delay of a preliminary examination shall not be granted by a magistrate except for good cause shown. A magistrate shall not adjourn, continue, or delay the examination of any cause by the consent of the prosecution and accused unless in his discretion it shall clearly appear by a sufficient showing to the magistrate to be entered upon the record that the reasons for such consent are founded upon strict necessity and that the examination of the cause cannot then be had, or a manifest injustice will be done. An action on the part of the magistrate in

---

[4] The prosecutor has provided an extra-record affidavit of the 70th District Court assignment clerk asserting that the court's records show that all judges "were conducting jury trials" during the period September 19-22, 1978. This affidavit is of questionable value. *People v Robinson,* 390 Mich 629, 632, fn 1; 213 NW2d 106 (1973).

[5] The 12-day period was expanded from the former time of 10 days by 1970 PA 213.

adjourning or continuing any case, shall not cause the magistrate to lose jurisdiction of the case."

The examining magistrate is to bring the preliminary examination "to a final determination without delay except as it may be necessary to secure to the accused a fair and impartial examination". MCL 766.1; MSA 28.919.

We have not previously addressed this issue. The Court of Appeals has developed the principle that noncompliance with MCL 766.4; MSA 28.922 is not error requiring reversal unless the defendant can show prejudice from the delay. Despite its repeated application,[6] none of the cases provide a reasoned basis for the "no prejudice/no reversible error" rule. One of the earlier cases[7] cited *People v Donald D Williams,* 2 Mich App 91; 138 NW2d 498 (1965), but *Williams* discussed prejudice in the context of denial of a speedy trial claim. The analysis of a speedy trial issue in which the relief granted is the defendant's discharge and a bar to further prosecution[8] is far different from the analysis here in which the relief to be granted is the defendant's discharge without a bar to further prosecution.[9] Another of the early Court of Appeals cases[10] relied on the miscarriage of justice

---

[6] See, *e.g., People v Wickham,* 13 Mich App 650; 164 NW2d 681 (1968); *People v Linscott,* 14 Mich App 334; 165 NW2d 514 (1968); *People v Spalding,* 17 Mich App 73; 169 NW2d 163 (1969); *People v Grasty,* 21 Mich App 106; 174 NW2d 860 (1970); *People v Munn,* 25 Mich App 165; 181 NW2d 28 (1970); *People v Connors,* 27 Mich App 47; 183 NW2d 348 (1970); *People v Robinson,* 41 Mich App 259; 199 NW2d 878 (1972); *People v Pulley,* 37 Mich App 715; 195 NW2d 283 (1972); *People v Bersine,* 48 Mich App 295; 210 NW2d 501 (1973); *People v Haines,* 105 Mich App 213; 306 NW2d 455 (1981).

[7] *Spalding, supra,* 17 Mich App 76.

[8] *Strunk v United States,* 412 US 434; 93 S Ct 2260; 37 L Ed 2d 56 (1973).

[9] See, *e.g., United States v Gogarty,* 533 F2d 93, 95 (CA 2, 1976).

[10] *Grasty, supra,* 21 Mich App 107.

statute.[11] We are unable to apply this more general statute in the face of an unqualified statutory command that the examination be held within 12 days.

A preliminary examination functions, in part, as a screening device to insure that there is a basis for holding a defendant to face a criminal charge.[12] A defendant against whom there is insufficient evidence to proceed should be cleared and released as soon as possible. The notion that a presumptively innocent defendant should remain in custody until a convenient time arrives for the magistrate to conduct the preliminary examination is exactly what the Legislature precluded in MCL 766.1; MSA 28.919.

The failure to comply with the statute governing the holding of the preliminary examination entitles the defendant to his discharge. Since literal enforcement of the statute "does not affect the integrity of the fact-finding process",[13] we give the decision prospective effect; it applies to this case and to a defendant arraigned on a felony arrest warrant after the date on which this opinion is filed.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the defendant's conviction and order his discharge from custody, without prejudice to the prosecutor's right to reinstate a prosecution against him.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

[11] MCL 769.26; MSA 28.1096.

[12] See, e.g., *People v Duncan,* 388 Mich 489, 501; 201 NW2d 629 (1972).

[13] *People v Young,* 410 Mich 363, 367; 301 NW2d 803 (1981).