PEOPLE v DUNSON

Docket No. 73964. Submitted September 4, 1984, at Detroit.—Decided October 26, 1984.

Demetrious D. Dunson was convicted, on his plea of guilty, of unlawfully driving away an automobile, Recorder's Court of Detroit, George W. Crockett, III, J. Defendant appealed, alleging that his conviction must be reversed because the preliminary examination had been held more than 12 days after arraignment. *Held:*

A guilty plea waives a delay in the preliminary examination where good cause is shown for the delay. In this case the magistrate adjourned the preliminary examination for good cause.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — PRELIMINARY EXAMINATION — DELAY OF PRELIMINARY EXAMINATION — NONJURISDICTIONAL DEFECT.

A magistrate may continue or adjourn a preliminary examination beyond the statutory 12-day period following arraignment where good cause is shown without losing jurisdiction of the case, and, therefore, the defect of not bringing a defendant to a timely preliminary examination is not a jurisdictional defect; the defect is also one which will not bar the trial of the defendant since the state is authorized to reinstate the prosecution in the event a particular trial is barred by the delay; thus, the defect is one which is waived by a guilty plea (MCL 766.7, 767.42[1]; MSA 28.925, 28.982[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 414, 415.

*Angela R. Sims,* for defendant on appeal.

Before: Hood, P.J., and R. M. Maher and Wahls, JJ.

Per Curiam. Defendant pled guilty to a charge of unlawfully driving away an automobile, MCL 750.413; MSA 28.645, and was sentenced to five years probation, with the first six months to be served in the Detroit House of Correction. He appeals as of right.

Defendant argues that his conviction must be reversed because his preliminary examination was held more than 12 days after he was brought before a magistrate, contrary to MCL 766.4; MSA 28.922, and that this delay was not for "good cause shown". Before reaching this issue, we must first determine whether or not defendant has waived his right to raise this claim by pleading guilty.

In *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), the Supreme Court stated that a guilty plea generally waives all nonjurisdictional defects in the prior proceedings, except those defects akin to jurisdictional defects because they "might provide a complete defense to a criminal prosecution, * * * undercut the state's interest in punishing the defendant, of [affect] the state's authority or ability to proceed with the trial * * *". 396 Mich 444. Defendant argues that his statutory right to have his preliminary examination within 12 days of being brought before a magistrate is a right which, had it been asserted, would have prevented the trial from taking place and is, therefore, within the category of rights found in *Alvin Johnson* not to be waived by a guilty plea.

We disagree. MCL 766.4; MSA 28.922 provides that "[t]he magistrate before whom any person is

brought on a charge of having committed a felony shall set a day for a preliminary examination not exceeding 12 days thereafter". In *People v Weston,* 413 Mich 371; 319 NW2d 537 (1982), the Supreme Court interpreted this language strictly, ruling that the failure to comply with the statute, with or without prejudice to the defendant, entitled the defendant to his discharge, although without prejudice to the prosecutor's right to reinstate a prosecution against the defendant. 413 Mich 376.

The defect of not bringing defendant to a timely preliminary examination is not, however, jurisdictional. MCL 766.7; MSA 28.925 provides that the magistrate may adjourn or continue the examination beyond the 12-day limitation "for good cause shown" and explicitly states that "[a]n action on the part of the magistrate in adjourning or continuing any case, shall not cause the magistrate to lose jurisdiction of the case". Thus, the Legislature has provided that in situations such as the one now before this Court, a delay beyond 12 days due to an adjournment does not deprive the magistrate of jurisdiction. In addition, the recorder's court judge who accepted the guilty plea was not without jurisdiction to take the plea because a preliminary examination is not an absolute prerequisite to the court's acquiring jurisdiction in light of the statutory provision permitting a defendant to waive his right to a preliminary examination. MCL 767.42(1); MSA 28.982(1); *People v Hall,* 97 Mich App 143, 147; 293 NW2d 742 (1980), *aff'd* 418 Mich 189; 341 NW2d 436 (1983).

The defect is also not one which would bar the trial of defendant. Even if *a particular* trial might be barred by the failure to hold the preliminary examination in a timely fashion, the state is still fully authorized to bring defendant to trial again. *Weston, supra.* This defect is therefore distinguish-

able from those described in *People v Alvin John-son,* where the infirmities deprive the state of its authority or undercut its interest in trying the defendant.

Because we have determined that defendant has waived his right to challenge the delay of his preliminary examination by pleading guilty, we do not address the merits of his claim.

Affirmed.