PEOPLE v HUBERT HORNE

PEOPLE v DAMON HORNE

PEOPLE v KIMBERLY WILLIAMS

Docket Nos. 75839, 75840. Submitted October 1, 1985, at Detroit.—
Decided December 2, 1985. Leave to appeal applied for in People
v Kimberly Williams.

On January 5, 1983, Hubert H. Horne was arrested for possession
with intent to deliver cocaine. A complaint was filed against
Horne in district court on February 25, 1983. Horne was
arraigned on the warrant on August 6, 1983, and preliminary
examination was scheduled for August 17, 1983. On August 17,
1983, the prosecutor moved for an adjournment of the prelimi-
nary examination on the ground that the police officers in-
volved in the arrest were on vacation at that time and were not
available to testify. The court, over objections by the defendant,
adjourned the preliminary examination to August 26. The
preliminary examination was held on August 26 and the court
bound Horne over for trial in Detroit Recorder's Court.

On August 5, 1983, Damon B. Horne, Hubert H. Horne, and
Kimberly Williams were arrested. Damon Horne was charged
with delivery of heroin and possession of a firearm during the
commission of a felony; Hubert Horne was charged with posses-
sion with intent to deliver heroin and possession with intent to
deliver cocaine; Williams was charged with possession with
intent to deliver heroin. The defendants were arraigned in
district court on August 6, 1983, and preliminary examination
was set for August 17, 1983. On August 17, the prosecutor
requested that the preliminary examination be adjourned until
a later date because an essential witness had a matter pending
in federal court. The court, over defendant's objections, granted
the adjournment and rescheduled the preliminary examination
for September 8, 1983. On September 8, the preliminary exami-

REFERENCES

Am Jur 2d, Criminal Law §§ 411 et seq.

Continuances at instance of state public defender or appointed
counsel over defendant's objections as excuse for denial of speedy
trial. 16 ALR4th 1283.

See also the annotations in the ALR3d/4th Quick Index under
Arraignment; Preliminary or Pretrial Matters.

nation was held and resulted in the defendants' being bound over for trial on the charges in Detroit Recorder's Court.

Defendants filed motions in Recorder's Court to quash the informations as to both these cases on the ground that the preliminary examinations had not been held within 12 days of the arraignments. The court, George W. Crockett, III, granted the motions and dismissed the charges against the defendants. The people filed separate appeals from the dismissal of the charges in the two cases. The appeals have been consolidated. *Held:*

The 12-day rule defendants rely upon merely requires that the preliminary examination be initially scheduled to be held within 12 days of the arraignment. The preliminary examination may be adjourned, continued, or delayed for good cause. The preliminary examinations in these two cases were initially scheduled to be held within 12 days of the arraignments and the prosecution showed good cause for the postponements. The 12-day rule thus was not violated and the trial court erred in dismissing the charges in the two cases.

Reversed and remanded for trial in each case.

CRIMINAL LAW — PRELIMINARY EXAMINATION — DELAY — 12-DAY RULE.

The fact that a preliminary examination is not held within 12 days of a defendant's arraignment on a charge does not automatically entitle the defendant to dismissal of the charge against him; the preliminary examination must be initially scheduled to be held within 12 days of the arraignment, but it may be adjourned, continued, or delayed for good cause shown (MCL 766.4, 766.7; MSA 28.922, 29.925).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Shirley A. Saltzman,* for Hubert Horne.

*Dominick J. Sorise,* for Damon Horne.

State Appellate Defender (by *Chari Grove),* for Kimberly Williams.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and K. B. GLASER,* JJ.

D. E. HOLBROOK, JR., P.J. The prosecutor appeals as of right from the trial court's order dismissing a one-count information against Hubert Horne individually and a five-count information against all the defendants. The charges were for possession with intent to deliver narcotics, MCL 333.7401; MSA 14.15(7401), and felony-firearm, MCL 750.227b; MSA 28.424(2). Defendants were arraigned on August 6, 1983, and preliminary examinations were set for August 17th. During the proceedings on the 17th the prosecution moved for adjournments as essential witnesses were unavailable. In Case No. 75840 the essential witness had to leave immediately for a matter currently pending in federal court. In Case No. 75839, the essential witnesses were police officers who were on vacation. Over defendants' objections the examinations were postponed and were held on August 26 and September 8. On December 16, 1983, defendants' motions to dismiss the cases as the preliminary examinations had not been held within 12 days of the arraignments were granted. On appeal the prosecutor argues that the 12 days may be extended for good cause shown, MCL 766.7; MSA 28.925, and that they had shown good cause.

In *People v Weston,* 413 Mich 371, 376; 319 NW2d 537 (1982), the Supreme Court interpreted the 12-day rule strictly, ruling that failure to comply with the statute entitled the defendant to his discharge, although the discharge was without prejudice to the prosecutor's right to reinstate a prosecution against the defendant. See also *People v Dunson,* 139 Mich App 511, 512-513; 363 NW2d 16 (1984). The Supreme Court stated that it was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

interpreting the 12-day rule as an unqualified statutory command that the preliminary examination be held within 12 days. *Weston, supra,* p 376. The defendants now assert that the holding in *Weston* would prevent any delays or adjournments for any reason. We disagree. *Weston* merely requires that the preliminary examination be initially scheduled to be held within 12 days of the arraignment. *People v Frank Johnson,* 146 Mich App 429, 438; 381 NW2d 740 (1985). The preliminary examination may be adjourned, continued or delayed when good cause is shown. MCL 766.7; MSA 28.925.

In the instant actions the preliminary examinations were initially scheduled to be held within 12 days of the arraignments. The prosecution showed good cause and requested postponements, and reasonable delays were granted. See *Johnson, supra,* p 438. Accordingly the 12-day rule was not violated and the trial court erred in dismissing these actions. Thus we reverse and remand for trial in both No. 75839 and No. 75840.

Reversed and remanded.