## *In re* CONTEMPT OF TANKSLEY

Docket No. 211110. Submitted April 4, 2000, at Detroit. Decided October 27, 2000, at 9:05 A.M.

Larry J. Tanksley was found by the Wayne Circuit Court, Kirsten Frank Kelly, J., in contempt of court for violating a personal protection order that Temeika S. Moore had obtained against him. Tanksley appealed, claiming that the trial court abused its discretion by not dismissing the contempt charge in view of the fact that the hearing on the alleged violation of the personal protection order was not held within seventy-two hours after his arrest, as then required by MCL 764.15b(2)(a); MSA 28.874(2)(2)(a) unless an extension of time has been granted by the court on motion of the arrested individual or the prosecuting attorney, or within seventy-two hours after his arraignment, as then required by MCR 3.708(F)(1)(a).

The Court of Appeals *held*:

1. The issue raised by Tanksley was preserved for appellate review. Tanksley's failure during arraignment to object to the court's scheduling of the hearing did not result in the waiver or forfeiture of his challenge to the timeliness of the hearing because he was not represented by counsel at arraignment and therefore could not be expected to have known of the scheduling requirements applicable to contempt hearings for alleged violations of personal protection orders. Tanksley's counsel at the hearing unsuccessfully moved to dismiss the charge on the basis that the hearing was not timely. The issue of the timeliness of the hearing was therefore raised and addressed by the trial court and was preserved for appellate review.

2. Given the plain and unambiguous language of the statute and the court rule, it is clear that holding a contempt hearing beyond seventy-two hours after an arrest, when the period is not extended on motion by either party and there is not good cause on the record supporting an extension, constitutes a violation of the statute and the court rule. The remedy for such violation is a dismissal of the contempt charge without prejudice to the prosecution's ability to reinstate the charge. General principles of statutory construction preclude construction of a time limit for performance of an

official duty as barring reinstatement of a charge where, as here, there is no language expressly precluding performance of the duty after the period elapses.

Reversed and remanded for entry of an order dismissing the contempt charge without prejudice.

MOTIONS AND ORDERS — PERSONAL PROTECTION ORDERS — CONTEMPT HEARINGS — TIMELINESS.

A hearing regarding a contempt of court charge for an alleged violation of a personal protection order must be held within seventy-two hours of the respondent's arrest, unless an extension of time is granted by the court on motion of the respondent or the prosecuting attorney; the remedy for a violation of this seventy-two-hour rule is dismissal of the contempt charge without prejudice to the prosecution's ability to reinstate the charge (MCL 764.15b[2][a]; MSA 28.874[2][2][a]; MCR 3.708[F][1][a]).

*Jennifer M.Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, *Brian T. Moody*, Assistant Prosecuting Attorney, for the petitioner.

*Lawrence J. Johnson*, for the respondent on appeal.

Before: CAVANAGH, P.J., and SAWYER and ZAHRA, JJ.

ZAHRA, J. Respondent Larry J. Tanksley appeals as of right from an order holding him in contempt of court for violating a personal protection order (PPO). We reverse and remand for entry of an order dismissing the charge against respondent without prejudice.

On November 17, 1997, petitioner Temeika S. Moore was granted a PPO against respondent. Petitioner and respondent were previously romantically involved and had two children together. The PPO, in part, prohibited respondent from entering onto petitioner's property, assaulting, attacking, and threaten-

ing to kill or physically injure petitioner. At 4:30 A.M. on March 20, 1998, respondent was arrested for allegedly violating the PPO by entering onto petitioner's property and assaulting and threatening petitioner. At 2:55 P.M. that same day, respondent was arraigned and pleaded not guilty. The trial court set respondent's bond at $1,500 and sua sponte scheduled his contempt hearing for March 24, 1998, at 9:30 A.M. Respondent was unable to post bond.

The contempt hearing began at 11:41 A.M. on March 24, 1998. Respondent was found to have violated the PPO and was sentenced to sixty days' imprisonment[1] and fined $350. That sentence was stayed pending appeal to this Court.

On appeal, respondent first argues that the trial court erred in denying his motion to dismiss the contempt charge because the hearing on the charge was not held within seventy-two hours after his arrest or arraignment. Before considering the merit of respondent's argument, we must first examine whether the issue was preserved for our review. We note that the lower court record is not clear with respect to whether respondent was represented by counsel during his arraignment. Although there was some reference during the contempt hearing to an attorney that was appointed for respondent before his arraignment, the transcript of the arraignment indicates that respondent was not represented by counsel at the arraignment. Without the aid of counsel at that point in the proceedings, respondent could not be expected to have known of statutory scheduling requirements for the contempt hearing. Therefore, we refuse to find

---

[1] Respondent was given credit for three days served.

that respondent waived or forfeited his challenge to the timeliness of the hearing by failing to object at the time the trial court scheduled the hearing.

Respondent was represented by counsel at the contempt hearing. Before discussing the contempt issue, respondent's counsel moved to dismiss the charge on the basis that the hearing was not held within seventy-two hours after respondent's arrest or arraignment as required by statute and court rule. The trial court denied respondent's motion, stating that it was unsure whether dismissal was the appropriate remedy for the late hearing because respondent was not prejudiced by the delay. Consequently, respondent's challenge to the timing of the contempt hearing was raised before and addressed by the trial court and was preserved for our review. See *Miller v Farm Bureau Mut Ins Co*, 218 Mich App 221, 235; 553 NW2d 371 (1996); see also *People v Crawford*, 429 Mich 151, 156-157; 414 NW2d 360 (1987) (holding that a criminal defendant must object to an untimely preliminary examination before commencement of the preliminary examination to be entitled to relief in the form of dismissal of the criminal charge), and *People v Weston*, 413 Mich 371, 372-373; 319 NW2d 537 (1982).[2]

---

[2] We recognize that, in *Crawford*, our Supreme Court held that a criminal defendant whose motion to dismiss a charge based on an untimely preliminary examination is denied must file an appeal before his guilt is determined at trial in order to preserve the issue for appellate review. *Crawford, supra* at 161-162. Here, respondent did not appeal to this Court until after he was found in contempt. However, we note that there are fundamental differences in the civil procedure of a PPO violation hearing and the procedure in a criminal felony case. Unlike criminal cases where there is a gap in time between a defendant's preliminary examination and his trial, conviction and sentence, in a case involving a charged violation of a PPO, the respondent's guilt with respect to the alleged violation is

A trial court's decision on a motion to dismiss is reviewed for an abuse of discretion. *People v Adams*, 232 Mich App 128, 132; 591 NW2d 44 (1998). An abuse of discretion is found in cases in which the result is so violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or an exercise of passion or bias. *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000). Moreover, interpretation and application of statutes and the court rules present questions of law that we review de novo. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998); *Reitmeyer v Schultz Equipment & Parts Co, Inc*, 237 Mich App 332, 336; 602 NW2d 596 (1999).

At the time of the instant dispute, MCL 764.15b(2); MSA 28.874(2)(2) provided:

> An individual arrested under this section shall be brought before the family division of the circuit court having jurisdiction in the cause within 24 hours after arrest to answer to a charge of contempt for violation of the personal protection order, at which time the court shall do each of the following:
>
> (a) Set a time certain for a hearing on the alleged violation of the personal protection order *within 72 hours after arrest*, unless extended by the court on the motion of the

---

determined at the hearing directly following his arraignment. That hearing is the first opportunity for the respondent to object to the timing of the hearing or to directly challenge the merit of the charge. Therefore, we find it unnecessary for a respondent accused of violating a PPO to file an interlocutory appeal between the trial court's denial of his motion to dismiss based on timeliness and the trial court's determination of guilt in order to preserve his challenge to the timing of the hearing.

arrested individual or the prosecuting attorney. [Emphasis added.][3]

Furthermore, MCR 3.708(F)(1) stated:

> Following the respondent's appearance or arraignment, the court shall do the following:
> (a) Set a date for the hearing at the earliest practicable time except as required by MCL 764.15b; MSA 28.874(2).
> (i) The hearing of a respondent being held in custody for an alleged violation of a personal protection order must be held *within 72 hours after the arraignment* or the court must order the respondent released from custody pending the hearing. [Emphasis added.][4]

Given that plain, unambiguous language, it is clear that holding a contempt hearing beyond seventy-two hours after an arrest, when the period is not extended on a motion by either party and there is not good cause in the record supporting an extension, constitutes a violation of MCL 764.15b(2); MSA 28.874(2)(2) and MCR 3.708(F)(1).

Michigan courts have not addressed the proper remedy for a violation of MCL 764.15b(2); MSA 28.874(2)(2) or MCR 3.708(F)(1). Given the clear legislative mandate that a respondent be afforded a hearing on a charged PPO violation within seventy-two

---

[3] Since this case was appealed, the text of MCL 764.15b(2)(a); MSA 28.874(2)(2)(a) was amended and clarified to read:

> (a) Set a time certain for a hearing on the alleged violation of the personal protection order. *The hearing shall be held within 72 hours after arrest,* unless extended by the court on the motion of the arrested individual or the prosecuting attorney. [Amended by 1999 PA 269 (emphasis added).]

[4] The current version of MCR 3.708(F) is consistent with MCL 764.15b(2); MSA 28.874(2)(2) in that it requires that a hearing on a PPO violation be held within seventy-two hours after the respondent's *arrest* unless extended on a motion by one of the parties.

hours, we hold that a violation of the time limit expressed in MCL 764.15b(2)(a); MSA 28.874(2)(2)(a) or MCR 3.708(F)(1)(a) demands dismissal of the charge. However, such dismissal is without prejudice to the prosecution's ability to reinstate the charge against the respondent.[5] In reaching that conclusion, we draw guidance from criminal cases involving the time limit for commencement of a preliminary examination. In *Weston, supra,* our Supreme Court strictly interpreted the statutory period for holding a preliminary examination, holding that the trial court's failure to schedule the defendant's preliminary examination within the period expressed by the Legislature demanded dismissal of the criminal charge. *Id.* at 376; see also *People v Horne,* 147 Mich App 375, 377-378; 383 NW2d 208 (1985); *People v Fuqua,* 146 Mich App 250, 252-253; 379 NW2d 442 (1985); *People v Holguin,* 141 Mich App 268, 273-275; 367 NW2d 846 (1985); and *People v Dunson,* 139 Mich App 511, 513-514; 363 NW2d 16 (1984). However, *Weston* made clear that such dismissal does not prejudice the prosecution's ability to reinstate the charges against the defendant. *Weston, supra.* Furthermore, in *Fuqua,* this Court refused to extend *Weston* to impose the "extraordinary remedy of dismissal with prejudice"

---

[5] We note that a respondent charged with violating a PPO does not need to make an affirmative showing of prejudice to be entitled to the remedy of dismissal of the charge. *Weston* rejected the "no prejudice/no reversible error" rule in regard to the period required for holding a preliminary examination because holding a presumptively innocent defendant in custody until there is a convenient time for his preliminary examination is exactly what the Legislature precluded. *Weston, supra* at 376. The same can be said with respect to the period expressed in MCL 764.15b(2); MSA 28.874(2)(2) and MCR 3.708(F)(1). Any time that an individual spends in custody awaiting a contempt hearing beyond seventy-two hours after his arrest is, itself, prejudicial delay that our Legislature precluded.

when the delay in holding the preliminary examination was found to be trivial and did not affect the integrity of the fact-finding process. *Fuqua, supra* at 253.

General principles of statutory construction preclude construction of a time limit for performance of an official duty as barring reinstatement of a charge when there is not language expressly precluding performance of the duty after the period elapses. When a statutory time limit is merely directory, violation of the time limit does not demand absolute dismissal. See *People v Yarema*, 208 Mich App 54, 57; 527 NW2d 27 (1994), and *People v Smith*, 200 Mich App 237, 241-243; 504 NW2d 21 (1993), citing 3 Sutherland, Statutory Construction (5th ed), § 57.19, pp 47-48. Neither MCL 764.15b(2); MSA 28.874(2)(2) nor MCR 3.708(F)(1) contains language absolutely barring a contempt hearing after expiration of the seventy-two-hour period. Therefore, a violation of the seventy-two-hour period does not preclude subsequent prosecution on the same charge.[6] It is evident that, in establishing the procedure for prosecuting an alleged PPO violation, our Legislature did not purport to establish a system whereby there is speedy justice or no justice at all. See *Smith, supra* at 241.

In the present case, respondent's contempt hearing commenced more than 103 hours after his arrest and nearly ninety-three hours after his arraignment. Neither the prosecution nor respondent moved to schedule the hearing beyond the seventy-two-hour period and there is no evidence of good cause to

---

[6] That conclusion is supported by the mandate within MCR 3.708(F)(1)(a) that a respondent be released from custody after expiration of the seventy-two-hour period, *pending the hearing.*

delay the hearing anywhere in the record. Therefore, the trial court erred in holding the contempt hearing beyond seventy-two hours after respondent's arrest. Respondent should have been released from custody after the seventy-two-hour period expired, pending the later hearing in accordance with the plain language of MCR 3.708(F)(1)(a). Consequently, the trial court abused its discretion in denying respondent's motion to dismiss the charge. Given that MCL 764.15b(2); MSA 28.874(2)(2) and MCR 3.708(F)(1) were violated in the present case, respondent's conviction on the contempt charge should be vacated and an order should be entered dismissing the charge against respondent without prejudice.

Given our disposition of that issue, it is unnecessary to consider the merit of respondent's additional argument regarding the trial court's failure to properly advise him of his right to appeal the contempt order.

Reversed and remanded for entry of an order dismissing the contempt charge against respondent without prejudice. We do not retain jurisdiction.