PEOPLE v GRISHAM

Docket No. 58052. Submitted October 13, 1983, at Detroit.—Decided
    April 7, 1983.

Oren D. Grisham was convicted of two counts of manslaughter
    following a jury trial in St. Clair Circuit Court, Vernon C.
    Boewe, J. The criminal charges arose out of the deaths of two
    of defendant's children who were passengers in defendant's
    automobile when it collided with an oncoming vehicle. The
    theory of the prosecution was that defendant was driving at an
    excessive speed and was intoxicated. Both defendant's ex-wife
    and his surviving daughter testified that defendant had been
    drinking and was intoxicated. While defendant was permitted
    to bring out that his ex-wife had begun a wrongful death action
    based on this accident and that there was a pending custody
    dispute between defendant's parents and his ex-wife regarding
    the surviving child, the trial court limited defendant's cross-
    examination of his ex-wife regarding these pending and related
    civil actions to merely bringing out that the actions had been
    brought. The trial court permitted the prosecution, over objec-
    tion by defense counsel, to question defendant's ex-wife in
    detail regarding defendant's frequent use of alcoholic beverages
    during the period of their marriage. The prosecution was
    permitted to bring out that defendant had produced a falsified
    driver's license at the scene of the accident and to impeach a

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law §§ 720-722.
    81 Am Jur 2d, Witnesses §§ 472, 475, 479.
    Federal constitutional right to confront witnesses—Supreme Court
        cases. 23 L Ed 2d 853.
[2] 81 Am Jur 2d, Witnesses § 548.
[3, 6] 29 Am Jur 2d Evidence §§ 251, 320, 321.
[4] 29 Am Jur 2d, Evidence §§ 244, 251, 337.
[5] 29 Am Jur 2d, Evidence §§ 327, 332.
    81 Am Jur 2d, Witnesses §§ 587-590.
    Impeachment of witness by evidence or inquiry as to arrest, accusa-
        tion, or prosecution. 20 ALR2d 1421.
[6] 7A Am Jur 2d, Automobiles and Highway Traffic § 147.
[6, 7] 81 Am Jur 2d, Witnesses § 668.

defense witness with evidence of prior arrests which did not result in convictions. Defendant produced two witnesses who testified that defendant was not intoxicated on the day in question. The prosecution was permitted to make an inquiry of one of the defense witnesses as to the failure of the witness to go to the police with her account of the accident when she learned that defendant had been charged with a crime. Defendant appeals. *Held:*

1. The trial court unduly restricted the defendant's inquiry of his ex-wife relative to the pending and related civil actions. Since testimony relating to these actions could have shown the interest or bias of defendant's ex-wife, the trial court should have permitted greater latitude in defendant's cross-examination of his ex-wife relative to these related civil actions.

2. It was error to permit the testimony of defendant's ex-wife relative to defendant's drinking habits and intoxication during the marriage. Such evidence could not properly be used to support an inference that defendant was intoxicated at the time of the accident and, to the extent that such evidence might be relevant to the question of whether the wife had a basis to determine from her observations on the day of the accident that defendant was intoxicated, such evidence's prejudicial effect far outweighed its probative value.

3. It was error to permit impeachment of the defense witness by use of evidence of arrests which did not result in convictions.

4. It was error to permit the testimony relating to the falsified driver's license, since such evidence was neither admissible as substantive evidence to show that defendant was a poor driver who was more likely to be negligent nor admissible as extrinsic evidence for impeachment purposes.

5. It was error to permit the prosecution to make inquiry as to why the defense witness failed to report the information relative to the accident to the police prior to trial. The witness had no legal obligation to report such information to the police and, indeed, there was no showing that the witness was aware that the information would provide a defense or would be relevant to the issues which might be raised at trial.

Reversed and remanded.

1. WITNESSES — CRIMINAL LAW — CROSS-EXAMINATION — RIGHT OF
    CONFRONTATION — CONSTITUTIONAL LAW.
    The scope of cross-examination is a matter left to the sound discretion of the trial judge, however, a limitation on cross-examination which prevents a person charged with a crime

from placing before the jury facts from which bias, prejudice or lack of credibility of a prosecution witness might be inferred constitutes a denial of the right of confrontation guaranteed by the Sixth Amendment (US Const, Am VI).

2. WITNESSES — CRIMINAL LAW — IMPEACHMENT — CIVIL AND CRIMINAL ACTIONS — RELATED ACTIONS — INQUIRY — INTEREST OR BIAS.

It is reversible error, where civil actions have been commenced on the same matter as the criminal action being tried, for the trial court to refuse to allow inquiry and argument regarding such connected action since the bias or interest of a witness is a proper subject of inquiry.

3. CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS — PREJUDICE.

Evidence of a criminal defendant's other bad acts is generally inadmissible, since any probative value such evidence might have is outweighed by the likelihood that such evidence will prejudice the jury against the defendant and thereby prevent an objective determination of the guilt of the defendant of the charged crime.

4. CRIMINAL LAW — EVIDENCE — INTOXICATION — PREJUDICE.

Evidence of prior episodes of intoxication by the defendant in a trial on a charge of manslaughter arising out of a death resulting from intoxication while driving is not admissible either to show a propensity for drunkenness or to establish a foundation for the witness's ability to determine whether the defendant was intoxicated, since evidence of prior intoxication cannot be used to infer intoxication at the time of the crime and the prejudicial effect of such evidence of prior intoxication outweighs any relevancy such evidence might have on the question of the witness's ability to determine, from observations of the defendant, whether the defendant was intoxicated (MRE 401, 403, 404, 701).

5. WITNESSES — IMPEACHMENT — EVIDENCE — PRIOR ARRESTS.

A witness may not be impeached by use of evidence of prior arrests which did not result in convictions.

6. EVIDENCE — FALSE DRIVER'S LICENSE.

Evidence that the driver of an automobile produced a falsified driver's license at the scene of an accident is not admissible at the trial of the driver on criminal charges arising out of the accident, since such evidence is not admissible either as substantive evidence to show that defendant was a poor driver and

therefore more likely to be negligent or as extrinsic evidence for the purpose of impeachment (MRE 404, 608[b]).

7. Prosecuting Attorneys — Alibi Witnesses — Evidence — Impeachment.

A prosecuting attorney should not be permitted to attack the credibility of an alibi witness on the basis of the failure of the alibi witness to report the information to the police in advance of trial where the witness had no legal duty to report that information to the police and there is no showing that the witness was necessarily aware that the information known to him or her would provide a defense or would be relevant to the issues which might be raised at trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *C. Denton Wolf,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg),* for defendant.

Before: T. M. Burns, P.J., and V. J. Brennan and Wahls, JJ.

Per Curiam. Defendant was convicted by a jury of two counts of manslaughter, MCL 750.321; MSA 28.553. Sentenced to a prison term of from 2 to 15 years, he appeals as of right.

On January 20, 1979, defendant lost control of the automobile he was driving and struck an oncoming vehicle. Two of defendant's three children, who were passengers in defendant's car, were killed.

It was the prosecution's theory that defendant had been driving at an excessive speed and was intoxicated. Defendant's ex-wife, Ms. Sinclair, who had dropped the children off at defendant's home shortly before the accident, and the surviving daughter both testified that defendant had been

drinking and was intoxicated. The police officer who arrived at the scene of the accident discovered an open and partially full can of beer in the car; the ambulance driver and the emergency room physician testified that defendant smelled of alcohol.

Defendant testified that he drank only a part of one can of beer on the evening of January 20 and that he lost control of his car on the way home from a restaurant after hitting a patch of ice. Janet Capps testified that when defendant stopped by with the children, just prior to the accident, he was not intoxicated. She further testified that she followed defendant to the restaurant and, due to poor driving conditions as a result of freezing rain, they both drove between 25 and 30 miles per hour.

Jack A. Wesch testified that he was with defendant on January 20, 1979, from early morning until late afternoon, and that they drank no alcoholic beverages.

Defendant first claims he was denied his constitutional right of confrontation when the trial court limited cross-examination of defendant's ex-wife regarding pending and related civil litigation. Defendant was permitted to show that his ex-wife had begun a wrongful death action based upon the accident which led to defendant's being charged with manslaughter and that there was a pending custody dispute between defendant's parents and his ex-wife regarding the surviving child. The trial court refused to permit further inquiry into these matters upon the prosecutor's protestation that it was unnecessary.

While the scope of cross-examination is a matter left to the sound discretion of the trial judge, that discretion must be exercised with due regard for a defendant's constitutional rights. " '[A] limitation

on cross-examination which prevents a person charged with a crime from placing before the jury facts from which bias, prejudice or lack of credibility of a prosecution witness might be inferred constitutes denial of the right of confrontation guaranteed by the Sixth Amendment.' " *People v Bell,* 88 Mich App 345, 348; 276 NW2d 605 (1979), quoting *United States v Garrett,* 542 F2d 23, 25 (CA 6, 1976). It is reversible error for a trial court to refuse to allow inquiry and argument regarding a civil action which has been commenced with respect to the same matter as the criminal action being tried, since the bias or interest of a witness is a proper subject of inquiry. *People v Johnston,* 76 Mich App 332; 256 NW2d 782 (1977).

More latitude in cross-examination of defendant's ex-wife should have been afforded by the trial court. Were this the only error in the trial we would be reluctant to reverse, however, since defense counsel did succeed in revealing to the jury the existence of the custody suit and did argue the effect of such suit on the witness's credibility. See *People v Johnston, supra.* We agree with defendant, however, that other errors in the admission and exclusion of evidence during trial so prejudiced his defense as to require reversal.

Over objection by defense counsel, the prosecutor questioned defendant's ex-wife in detail regarding defendant's use of alcohol during their marriage between 1971 and 1975. Ms. Sinclair testified defendant consumed alcoholic beverages frequently and that he would become extremely intoxicated whenever he did drink.

Evidence of defendant's other bad acts is generally inadmissible because any probative value such evidence has is outweighed by the likelihood that it will prejudice the jury against the defendant,

preventing an objective determination of defendant's guilt or innocence of the crime charged. *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973). Evidence that defendant was often drunk was not admissible to show he had a character trait or a propensity to be intoxicated in order to support an inference he was intoxicated on the night of the fatal accident. MRE 404. None of the exceptions to this rule, listed in MRE 404(b), is applicable. Admission of this testimony of Ms. Sinclair was extremely prejudicial, the crux of defendant's case being that he was not intoxicated.

The prosecution suggests that such evidence was indispensible to establish a foundation for Ms. Sinclair's testimony that defendant appeared to her to be intoxicated when she dropped the children off. No such foundation was necessary; any witness is qualified to testify as to his or her physical observations and opinions formed as a result of these observations. MRE 701. Even assuming Ms. Sinclair's prior observations of and experience with defendant while he was in an intoxicated condition might be relevant as tending to show her opinion to be more reliable, MRE 401, the prejudicial effect of such evidence far outweighed its probative value, MRE 403, and requires reversal.

The prosecutor's impeachment of defense witness Jack Wesch with evidence of prior arrests from which no convictions resulted was improper. *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973).

Admission, over defense counsel's objection, of testimony by a police officer that defendant produced a false driver's license at the scene of the accident, and of the falsified license, was error. Contrary to the trial court's conclusion, this testi-

mony and the license were not admissible as substantive evidence to show defendant was a poor driver and therefore more likely to be negligent, MRE 404. Nor, it is clear, was such extrinsic evidence admissible for purposes of impeachment. MRE 608(b).

We also find improper the prosecutor's inquiry into Janet Capps's failure to go to the police with her account of events preceding the accident when she learned that defendant had been charged with a crime. Panels of this Court have disagreed as to the propriety of the prosecutor's inquiry into an alibi witness's failure to report to the police. In *People v McClow,* 40 Mich App 185, 193; 198 NW2d 707 (1972), and *People v Diaz,* 98 Mich App 675; 296 NW2d 337 (1980), such questioning was held permissible on the theory that credibility of a witness may be attacked by showing that he failed to speak or act when it would have been natural to do so if the facts were in accordance with his testimony. In *People v Kraai,* 92 Mich App 398, 411; 285 NW2d 309 (1979), *lv den* 407 Mich 954 (1980), however, the Court condemned the prosecutor's attempt to discredit an alibi witness by attacking such witness's failure to report to the police where the witness had no legal duty to report whatever knowledge she had to the state in advance of trial. "Discrediting an alibi witness by insinuating her failure to act as a good citizen is not permissible." See also *People v Gwinn,* 111 Mich App 223, 259; 314 NW2d 562 (1981) *(partial dissent by* R. M. MAHER, P.J.).

Even assuming the rationale in *People v McClow* is defendable where an alibi witness is concerned, we agree with defendant that an entirely different situation exists when the pretrial conduct of a non-alibi witness is being considered. A person

who was with a defendant at the time the crime occurred would necessarily have the knowledge that the defendant could not possibly have committed the charged offense. In such a case it is perhaps arguably unreasonable for the witness to fail to bring such information to the attention of the state.

On the other hand, a non-alibi witness, although possessed of potentially relevant and material information, is not necessarily aware that the information available to him or her will provide a defense to the charged offense or be relevant to the issues raised at trial. The information possessed by Ms. Capps was not of such a nature that she would have had a "natural tendency" to take it to the government prior to trial if it were true. The prosecutor should not have been permitted to insinuate her testimony was fabricated because she failed to do so.

Reversed and remanded.