## PEOPLE v CLIFTON FUQUA

Docket No. 72706. Submitted November 3, 1984, at Lansing.—Decided
August 27, 1985. Leave to appeal denied, 424 Mich 863.

Defendant, Clifton Fuqua, was convicted of armed robbery, Ing-
ham Circuit Court, Jack W. Warren, J. Defendant appealed
alleging numerous errors. *Held:*

1. The court did not err in dismissing the charges against
defendant *without prejudice for violation of the 12-day limit for*
arraignment, thus allowing rearraignment on newly filed
charges.

2. The prosecutor improperly argued to the jury that they
should convict defendant on the basis of the prestige of the
prosecutor's office. Further, the error was so egregious that the
Court of Appeals could not say that a curative instruction
would have obviated the prejudice to defendant. Therefore,
defendant's failure to object did not preclude reversal.

3. The credibility of a witness may be attacked by showing

---

References for Points in Headnotes

[1] Am Jur 2d, Criminal Law §§ 411-420, 433-438.

Admissibility of confession or other statement made by defendant
as affected by delay in arraignment—modern state cases. 2
ALR4th 1121.

[2] Am Jur 2d, Trial §§ 218 *et seq.*

Propriety and prejudicial effect of prosecutor's argument to jury
indicating his belief or knowledge as to guilt of accused—modern
cases. 88 ALR3d 449.

[3] Am Jur 2d, Trials §§ 315-318.

See the annotations in the ALR3d/4th Quick Index under Argu-
ment of Council.

[4] Am Jur 2d, Witnesses §§ 656 *et seq.*

Propriety and prejudicial effect of instructions on credibility of alibi
witnesses. 72 ALR3d 617.

[5] Am Jur 2d, Evidence §§ 320 *et seq.*

Admissibility of evidence as to other offense as affected by defen-
dant's acquittal of that offense. 25 ALR4th 934.

[6] Am Jur 2d, Searches and seizures §§ 16, 45

Validity of routine road blocks by state or local police for purpose
of discovery of vehicular or driving violations. 37 ALR4th 10.

Lawfulness of search of motor vehicle following arrest for traffic
violation, 10 ALR3d 314.

that he failed to speak or act when it would have been natural to do so if the facts were in accordance with his testimony. Therefore, the prosecutor, on retrial, may attack the credibility of a defense alibi witness by showing that he failed to come forward and tell his story before trial after a showing that it would have been natural for the witness to have done so.

4. The court properly admitted evidence of a prior bad act to show identity. Evidence of a criminal defendant's prior bad criminal act may be admitted where (1) there is substantial evidence that the defendant actually perpetrated the prior bad act, evidence of which is sought to be introduced; (2) some special quality or circumstance of the act tends to prove the defendant's identity, or the motive, intent, absence of mistake or accident, scheme, plan, or system in doing the act, or opportunity, preparation, or knowledge; (3) one or more of those factors is material to the determination of the defendant's guilt of the charged offense; and (4) the probative value of the evidence substantially outweighs the danger of unfair prejudice.

5. A vehicular stop, to be lawful, must be based on individualized articulable suspicion. The stop of defendant by the police was.

Reversed and remanded.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — 12-DAY RULE — REMEDIES.

The proper remedy is for the trial court to dismiss the charge without prejudice where more than 12 days elapsed between arraignment and a preliminary examination.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT.

A prosecutor may not ask a jury to convict the defendant on the basis of the prosecutor's personal knowledge and the prestige of his office rather than the evidence.

3. CRIMINAL LAW — APPEAL — PRESERVING QUESTION — PROSECUTORIAL COMMENT.

The Court of Appeals will reverse a conviction for improper prosecutorial comment in the absence of a defense objection where a curative instruction would have been futile.

4. CRIMINAL LAW — WITNESSES — FAILURE TO ACT — ALIBI WITNESSES.

The credibility of a witness may be attacked by showing that he failed to speak or act when it would have been natural to do so if the facts were in accordance with his testimony; therefore, a

prosecutor may question an alibi witness as to why he did not come forward with his story before trial after he has shown that it would be natural for the witness to come forward.

5. Criminal Law — Evidence — Prior Bad Acts — Rules of Evidence.

Evidence of a criminal defendant's prior bad criminal act may be admitted where (1) there is substantial evidence that the defendant actually perpetrated the prior bad act, evidence of which is sought to be introduced; (2) some special quality or circumstance of the act tends to prove the defendant's identity, or the motive, intent, absence of mistake or accident, scheme, plan, or system in doing the act, or opportunity, preparation, or knowledge; (3) one or more of those factors is material to the determination of the defendant's guilt of the charged offense; and (4) the probative value of the evidence substantially outweighs the danger of the unfair prejudice (MRE 404[b]).

6. Arrest — Vehicular Stop.

A vehicular stop, to be lawful, must be based on individualized articulable suspicion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Susan L. LeDuc,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Karla K. Goodman),* for defendant on appeal.

Before: Wahls, P.J., and R. M. Maher and R. E. Noble,* JJ.

Per Curiam. After a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797. Defendant was sentenced to imprisonment for from 15 to 30 years, and he appeals as of right.

Defendant argues that the charges against him should have been dismissed with prejudice, because his preliminary examination was not con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ducted within 12 days of his arraignment in district court as required by MCL 766.1; MSA 28.919 and MCL 766.4; MSA 28.922. When defendant raised this issue in district court, the judge dismissed the charges against defendant without prejudice. Defendant was promptly rearraigned in district court, and a preliminary examination was conducted within 12 days of the new arraignment.

In *People v Weston,* 413 Mich 371, 376; 319 NW2d 537 (1982), the Court required dismissal without prejudice where the 12-day rule had been violated. We decline to go beyond *Weston* to impose the extraordinary remedy of dismissal with prejudice for a trivial delay not affecting the integrity of the fact-finding process. Defendant's claim that dismissal of the charges against him without prejudice constituted harrassment is untenable, because the charges against defendant were dismissed on defendant's own motion in accordance with *Weston.*

Defendant complains of the following remarks by the prosecutor in closing argument relating to lesser included offenses:

"Now, folks, at the end of the trial and when Judge Warren instructs you on this case, he's going to give you a long list of instructions. When he gets to the instructions which deal with the crimes involved in this case, he's going to give you a list of crimes other than armed robbery. They're going to be what are called the necessarily included offenses; or the offenses that if an armed robbery's committed, these are necessarily included therein. But I submit, folks, that the proofs that have been shown here show armed robbery as having occurred, a stickup. A gunman came in and took money. That's an armed robbery. It's not larceny from a person, it's not larceny in a building, it's not larceny over, it's not any of these other crimes. It's not a felonious assault, it's an armed robbery. No more, no less. *We, the people who represent you in the Prose-*

*cutor's office that deal with these all the time, we review the facts of these cases. We decide what crime to charge based on our knowledge of the criminal law. And if we've charged an armed robbery, and I submit that I've been here through this trial and I submit that an armed robbery's been proven and that these other crimes, though you will be instructed on those crimes, those aren't the crimes that occurred."* (Emphasis added.)

This argument violated the well-known rule that the prosecutor may not ask the jury to convict the defendant on the basis of the prosecutor's personal knowledge and the prestige of his office rather than on the evidence. *People v Quick,* 58 Mich 321, 324; 25 NW 302 (1885); *People v Dane,* 59 Mich 550, 552-553; 26 NW 781 (1886); *People v Hill,* 258 Mich 79, 88-89; 241 NW 873 (1932); *People v Ignofo,* 315 Mich 626, 631-636; 24 NW2d 514 (1946); *People v Humphreys,* 24 Mich App 411, 414-415; 180 NW2d 328 (1970); *People v Farrar,* 36 Mich App 294, 298-299; 193 NW2d 363 (1971). Defendant made no objection to the argument at issue, but we will nevertheless reverse despite the absence of an objection if the goal of an objection, a curative instruction, would have been futile. See, for example, *People v Hall,* 396 Mich 650, 655; 242 NW2d 377 (1976). The argument at issue is so egregious that we cannot say that a curative instruction would have obviated the resulting prejudice. Compare *People v Ignofo, supra, People v Humphreys, supra,* and *People v Farrar, supra.*

We will address some of the other issues raised by defendant to prevent them from arising on remand. Defendant argues that reversible error is presented by cross-examination and argument concerning the failure of a defense alibi witness to come forward and tell his story to the police before trial. We agree with panels of this Court in *People*

v *Lafayette,* 138 Mich App 380, 389; 360 NW2d 891 (1984), and *People v McClow,* 40 Mich App 185, 193; 198 NW2d 707 (1972), that such questioning and argument is permissible.

The rationale for permitting such questioning and argument is that the credibility of a witness may be attacked by showing that he or she failed to speak when it would have been natural to do so if the facts accorded with his or her testimony. See *People v McClow, supra,* p 193, and *People v Diaz,* 98 Mich App 675, 683; 296 NW2d 337 (1980).

We note, however, that many jurisdictions which permit such an attack on the credibility of a defense alibi witness nevertheless recognize that an assumption that it is natural for a defense alibi witness to tell his or her story to the police is not always warranted and impose restrictions on the circumstances in which such an attack may be made. For example, in *People v Dawson,* 50 NY2d 311; 428 NYS2d 914; 406 NE2d 771 (1980), the court permitted such an attack on the credibility of a defense witness only if the prosecution laid a foundation showing that the witness was aware of the charges against defendant and their nature, that the witness had reason to recognize that he or she possessed exculpatory information, that the witness had a reasonable motive to exonerate the defendant, and that the witness was familiar with the means to make such information available to the police. The New York court also required the trial court to give a cautionary instruction indicating that the witness had no duty to come forward and tell his or her story, and the court barred such an attack on the credibility of a defense witness if the witness had been advised by the defense attorney not to tell his or her story to the police. See also, *Commonwealth v Brown,* 11 Mass App 288;

416 NE2d 218 (1981), and *People v Watson,* 94 Ill
App 3d 550; 50 Ill Dec 21; 418 NE2d 1015 (1981).

Upon retrial, before the prosecutor is allowed to
impeach an alibi witness for failure to come for-
ward and tell his story to the police before trial,
an adequate foundation must be laid. There must
be some showing, on the record, as to why it would
have been natural for the alibi witness to relate
his story to the police.

We find the cases that disagree with this posi-
tion to be distinguishable. *People v Grisham,* 125
Mich App 280; 335 NW2d 680 (1983), while stating
that panels of this Court disagree on the issue, is
not on point. *Grisham* dealt with the pretrial
conduct of a nonalibi witness. Although *People v
Kraai,* 92 Mich App 398; 285 NW2d 309 (1979),
concerned an alibi witness, the case does not focus
on the alibi witness's pretrial conduct as inconsis-
tent with trial testimony, but rather focuses on
the prosecutor's attack on the witness's character
as a bad citizen. Furthermore, the defendant in
*Kraai* was on trial for first-degree criminal sexual
conduct and the alibi witness was impeached by
the prosecutor on the grounds that she was remiss
in not reporting her knowledge of the defendant's
escape.

Defendant also argues that the trial court erred
by permitting testimony by one of the victims of
the robbery that he recognized defendant as the
person who attempted a short-change scheme sev-
eral weeks before the robbery at the store later
robbed. Four requirements must be met before
evidence of a prior bad act by the defendant may
be admitted: (1) there must be substantial evidence
that defendant actually committed the bad act; (2)
there must be some special quality or circum-
stance of the bad act tending to prove one or more
of the matters specified in MRE 404(b); (3) the

matters specified in MRE 404(b) which the bad act tends to prove must be material to determination of the defendant's guilt; and (4) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. *People v Golochowicz,* 413 Mich 298, 309; 319 NW2d 518 (1982).

Here, the testimony of the victim provided substantial evidence that defendant actually attempted the short-change scheme. Identity is one of the matters specified in MRE 404(b), and the victim's prior contact with defendant was particularly relevant to show that the victim was able subsequently to identify accurately defendant as the robber. See, for example, *People v Kachar,* 400 Mich 78, 95; 252 NW2d 807 (1977). On the record made at defendant's first trial, we cannot say that the trial court erred by concluding that the probative value of this evidence on the issue of identity was not substantially outweighed by the danger of unfair prejudice. Evidence of the short-change scheme will be admissible absent a material change in circumstances on retrial.

Defendant argues that his stop and subsequent arrest by the police were illegal and that various evidence, including testimony concerning the victims' identification of defendant at a lineup, should have been suppressed as obtained through exploitation of the primary illegalities. A trial court's ruling at a suppression hearing will not be disturbed on appeal unless clearly erroneous. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983). A stop must be based on individualized articulable suspicion. *Delaware v Prouse,* 440 US 648, 662; 99 S Ct 1391; 59 L Ed 2d 660 (1979); *United States v Brignoni-Ponce,* 422 US 873, 881-882; 92 S Ct 2574; 45 L Ed 2d 607 (1975); *People v Burrell, supra,* p 450. An arrest without a warrant

is permissible only if the arresting officer has probable cause to believe that the suspect has committed or is committing an offense. See, for example, *Michigan v DeFillippo,* 443 US 31, 36; 99 S Ct 2627; 61 L Ed 2d 343 (1979). The arresting officers here stationed themselves at a blockade point on a major highway leading away from the town in which the robbery was committed. They received over the radio a description of the robbers and their vehicle. At roughly the correct time for a vehicle to travel from the town in which the robbery was committed to the blockade point, the officers observed a vehicle roughly corresponding to the description they received over the radio. Under these circumstances, the officers' stop of the vehicle was adequately based on an individualized articulable suspicion that the occupants of the vehicle were the robbers.

The description of the robbers received by the officers over the radio included such details as height and build, facial hair, and clothing. After the stop, the officers were able to observe that the occupants of the vehicle corresponded closely to the descriptions of the robbers. This additional circumstance provided the officers with probable cause to believe that the occupants of the vehicle were, in fact, the robbers. On this record, the trial court's decision not to suppress the evidence at issue was not clearly erroneous.

Other issues raised by defendant may not arise in their present form on retrial and therefore will not be addressed.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.