PEOPLE v LODGE

Docket No. 84261. Submitted May 8, 1986, at Lansing. Decided
February 3, 1987. Leave to appeal applied for.

Eddie Joe Lodge was convicted of armed robbery following a jury
trial in the Washtenaw Circuit Court, William F. Ager, Jr., J.
Defendant subsequently pled guilty to a charge of being an
habitual offender, fourth offense, and was sentenced to from
eighteen to fifty years in prison. Defendant appealed, raising
several issues.

The Court of Appeals *held:*

1. An arrest without a warrant is permissible if the arresting
officer has reasonable cause to believe that a felony has been
committed and reasonable cause to believe the person commit-
ted it. An authorized police bulletin advising officers that a
felony has been committed, when coupled with other facts and
circumstances, provides probable cause for an arrest without a
warrant. In this case, probable cause to arrest defendant with-
out a warrant stemmed from these facts: (1) the van, in which
defendant was a passenger at the time of his arrest, matched
the description given in a police bulletin of a van involved in
the armed robbery; (2) a search of defendant's person yielded
four shotgun shells; and (3) a search of the van uncovered a
shotgun.

2. The trial court did not abuse its discretion in permitting
the prosecution to cross-examine defendant's alibi witnesses
concerning their failure to tell the authorities before the trial
of information they claimed exonerated defendant.

3. The trial court did not abuse its discretion in permitting
the prosecution to examine defendant's brother regarding his
testimony on behalf of defendant in a previous trial.

4. Defendant was not denied a fair trial when the trial court

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Arrest §§ 24, 32, 44 *et seq.*

Am Jur 2d, Witnesses §§ 518 *et seq.;* 656 *et seq.*

What constitutes probable cause for arrest—Supreme Court cases.
28 L Ed 2d 978.

See also the annotations in the Index to Annotations under Alibi;
Appeal and Error; Rebuttal.

permitted the prosecution to offer the testimony of a police officer to rebut the cross-examination testimony of one of defendant's witnesses. While answers elicited on cross-examination are generally not proper areas for rebuttal, rebuttal testimony may be permitted where it is relevant and material to refute the issue of alibi raised by the defense.

5. Appellate review of alleged improper remarks made by a prosecutor at closing argument is precluded in the absence of objection unless a miscarriage of justice would result. In this case, the prosecutor was merely commenting on the credibility of the witnesses, a proper area for closing argument.

Affirmed.

F. X. O'BRIEN, J., dissented. He agreed that an authorized police bulletin advising that a felony has been committed, when coupled with other facts and circumstances, can provide probable cause for an arrest without a warrant. However, he would hold that the record in this case lacked facts and circumstances which would justify a fair-minded person in believing that defendant committed the armed robbery. He would also hold that defendant's initial arrest for carrying a firearm of unlawful length was not a valid arrest because the police knew at the time of the arrest that the firearm was of lawful length. The trial court therefore erred in not suppressing the evidence seized. He would reverse.

OPINION OF THE COURT

1. ARREST — WITHOUT A WARRENT — STATUTES.

A police officer may arrest a person without a warrant when the officer has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person committed it (MCL 764.15; MSA 28.874).

2. ARREST — WITHOUT A WARRENT — POLICE BULLETIN — PROBABLE CAUSE.

An authorized police bulletin advising officers that a felony has been committed, when coupled with other facts and circumstances, provides probable cause for an arrest without a warrant.

3. CRIMINAL LAW — WITNESSES — ALIBI WITNESS — IMPEACHMENT — UNNATURAL CONDUCT.

A trial court may, at its discretion, permit the prosecution to attack the credibility of a defendant's alibi witness on cross-examination by inquiring into the witness' failure to come forward with the alibi before the trial.

4. Criminal Law — Witnesses — Alibi Witness — Cross-Examina-
   tion — Rebuttal.

   Answers by a witness elicited by the prosecution at cross-exami-
   nation are generally not proper areas for rebuttal; however,
   rebuttal testimony may be permitted where it is relevant and
   material to refute a claimed alibi.

5. Criminal Law — Prosecutorial Comment — Appeal — Preserv-
   ing Question.

   Appellate review of a prosecutor's closing argument is precluded
   in the absence of objection unless failure to consider the issue
   would result in a miscarriage of justice.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William F. Delhey,* Pros-
ecuting Attorney, and *David A. King,* Assistant
Prosecuting Attorney, for the people.

*Culpepper, Slomski, Gordon & Cal* (by *Josh Gor-
don*), for defendant.

Before: Cynar, P.J., and R. B. Burns and F. X.
O'Brien,* JJ.

Per Curiam. Following a jury trial, defendant
was convicted of armed robbery, MCL 750.529;
MSA 28.797. On the following day, he pled guilty
to being an habitual offender, fourth offense, MCL
769.12; MSA 28.1084. He was sentenced to from
ten to fifteen years in prison. However, this sen-
tence was later vacated and the judge imposed a
prison term of from eighteen to fifty years. Defen-
dant appeals as of right.

Defendant's conviction arose out of an armed
robbery at the Ypsilanti home of Byron Miller on
June 18, 1984. A "be-on-the-lookout" bulletin was
subsequently transmitted over police radio describ-
ing the vehicle connected with the robbery. The
dispatch described the vehicle, a van, gave the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

license plate number, and stated that it was wanted in connection with an armed robbery and that the occupants might be armed and dangerous.

At approximately 2:00 A.M. on June 30, 1984, two East Detroit police officers spotted a vehicle matching the bulletin. They stopped the van and searched its occupants. Defendant was a passenger in the van. While patting down defendant, the officer found four live .410 gauge shotgun shells in his pocket. The van was towed to the police station where a .410 gauge shotgun was discovered in the vehicle. Defendant was arrested for possession of an "illegal firearm." However, the arresting officer testified that he measured the shotgun and found it to be eighteen inches—a legal length. This charge was later dismissed at the preliminary examination.

Prior to the preliminary examination, however, defendant was taken to the Washtenaw County Sheriff's Department to participate in a line-up. Byron Miller, the victim of the armed robbery, identified defendant as one of his assailants and defendant was subsequently charged and bound over for armed robbery.

Before trial, defendant moved to suppress the evidence of the line-up identification and the shotgun as the fruit of an illegal arrest. The court found that, while it was a "close question," defendant's arrest was legal and therefore the line-up identification and shotgun were admissible. This Court will not reverse the trial court's ruling at a suppression hearing unless it is clearly erroneous. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983).

An arrest without a warrant is permissible if the arresting officer has reasonable cause to believe that a felony has been committed and reasonable cause to believe the person arrested commit-

ted it. MCL 764.15; MSA 28.874; *People v Fuqua,*
146 Mich App 250; 379 NW2d 442 (1985). An
authorized police bulletin advising police that a
felony has been committed, when coupled with
other facts and circumstances, provides probable
cause for an arrest without a warrant. *People v
Coward,* 111 Mich App 55, 61; 315 NW2d 144
(1981), lv den 417 Mich 873 (1983); *People v Fuqua,
supra.*

In this case, the East Detroit police officers were
responding to a police bulletin describing the van
and license number. Although there was no physi-
cal description of the suspects, the van and license
plate number matched the description exactly.
There is no question that the initial stop was
valid. When the officers searched defendant pursu-
ant to the stop, they uncovered four shotgun shells
and their subsequent search of the van uncovered
a shotgun. This additional evidence, coupled with
the police bulletin, was sufficient to provide the
officers with probable cause to believe that defen-
dant committed the armed robbery. Based on this
record, we do not believe the trial court's finding is
clearly erroneous.

Defendant next argues that error requiring re-
versal occurred when the prosecutor cross-exam-
ined defendant's alibi witnesses concerning their
failure to come forward and tell their story to
police prior to the trial. We agree with those
panels which have held that this type of cross-
examination is admissible within the discretion of
the trial court. *People v McClow,* 40 Mich App
185; 198 NW2d 707 (1972); *People v Lafayette,* 138
Mich App 380; 360 NW2d 891 (1984). Here, the
alibi witnesses cross-examined by the prosecutor
admitted to being close friends of the defendant
and that they were aware of the charges against
defendant shortly after his arrest. Based on these

facts, a logical inference could be drawn that the witnesses would have brought their information to the police prior to trial. *People v Perkins,* 141 Mich App 186; 366 NW2d 94 (1985), lv den 423 Mich 858 (1985). The trial court did not abuse its discretion in permitting this line of inquiry on cross-examination.

We are equally unpersuaded that the trial court abused its discretion in allowing the prosecutor to examine defendant's brother regarding his testimony on behalf of defendant in a previous trial. This type of questioning is within the discretion of the trial court. *People v McConnell,* 124 Mich App 672; 335 NW2d 226 (1983). After thoroughly considering this issue, the trial court ruled that the prosecutor could question the witness but could not indicate that the prior testimony was an alibi defense in a previous criminal prosecution. The court did not abuse its discretion in permitting this limited inquiry.

Next, defendant maintains that he was denied a fair trial when the prosecutor introduced allegedly improper rebuttal testimony. After the prosecutor elicited from defendant's witnesses on cross-examination that defendant was arrested within a few days of his birthday party, June 18, the prosecutor called the police officer who responded that defendant was actually arrested on June 30. Defendant's alibi was based upon his attendance at the birthday party. Defendant contends that the arrest date should have been introduced in the prosecution's case in chief.

The device of eliciting a denial on cross-examination may not be used to inject an issue or to introduce evidence that could have been, but was not, introduced in the prosecutor's case in chief. *People v Losey,* 413 Mich 346, 352; 320 NW2d 49 (1982). While answers elicited on cross-examina-

tion are generally not proper areas for rebuttal, rebuttal testimony may be permitted where it is relevant and material to refute the issue of alibi raised by the defense. *People v Wilson,* 119 Mich App 606, 615; 326 NW2d 576 (1982), lv den 417 Mich 1095 (1983). Here, the prosecution introduced the rebuttal testimony to show either that the witnesses were mistaken or that the party had not occurred on the night of the robbery. Its admission was not an abuse of discretion.

Defendant's final claim concerns the prosecutor's remarks during closing argument. Defendant maintains that the prosecutor improperly vouched for the credibility of the prosecution's witnesses, denigrated the defendant's alibi defense by accusing defendant's witnesses of lying and expressed his personal belief in defendant's guilt. Initially we note that defendant did not object to any of the allegedly improper remarks and our review is precluded unless a miscarriage of justice would result. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977). After reviewing the comments in the context in which they were made, we are convinced that the prosecutor was merely commenting on the credibility of the witnesses, a proper area for closing argument. *People v Flanagan,* 129 Mich App 786, 796; 342 NW2d 609 (1983). Furthermore, if any prejudice did occur, it could have been cured by a timely requested curative instruction.

Affirmed.

F. X. O'BRIEN, J. *(dissenting.)* I respectfully disagree with the conclusion reached by the majority on the first issue.

An authorized police bulletin advising that a felony has been committed, when coupled with other facts and circumstances, provides probable cause for an arrest without a warrant. *People v*

*Coward,* 111 Mich App 55, 61; 315 NW2d 144 (1981). Unlike the cases from which this principle is drawn, the instant case presents neither a felony in progress or recently completed nor detailed physical descriptions to which the van occupants bore close resemblance. The armed robbery had occurred twelve days prior. The radio bulletin contained no description of the perpetrators or details of the felony. It did not indicate that a shotgun had been used. The record simply lacks the facts and circumstances which would justify a fair-minded person in believing that the defendant committed the robbery.

Additionally, defendant was not arrested for the robbery but for possession a firearm of unlawful length. The police knew at the time that the charge was unfounded, having measured the weapon and determined it to be of legal length. An arrest for doing what the law permits is not a legal arrest and cannot be justified by dismissal of the charge following ten days detention.

The trial court's ruling at the suppression hearing that the defendant's arrest was legal was clearly erroneous.