**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 24, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                               No. 119756

NORMAN GRAY,

    Defendant-Appellant.

_____

PER CURIAM

I

On November 15, 1998, an armed robbery occurred at a gas station in Livingston County. The station owner recognized the robber as a regular customer. Additionally, the crime was recorded by a surveillance camera. The jacket worn by the robber bore the insignia of a local business. This information led police to this defendant within a few days, at which time the defendant was arrested and charged with armed robbery.

Before the jury trial, the defendant filed a notice of alibi as required by MCL 768.20. The defendant listed five

witnesses, three of whom eventually testified at trial.  In cross-examining these witnesses, the prosecutor asked each whom they had told about the defendant's alibi.  The prosecutor sought to impeach the witnesses by showing that they had not come forward before trial with exculpatory information about the defendant.

The defendant was convicted by the jury of armed robbery.[1]  The defendant appealed to the Court of Appeals.  That Court affirmed the conviction and sentence in an unpublished per curiam opinion.

II

Of the issues raised on appeal by the defendant, only one merits discussion.  The defendant claims that there was a denial of due process, US Const, Am XIV, when the prosecutor implied, during cross-examination of the alibi witnesses, that the witnesses had had an obligation to come forward with their exculpatory evidence.  The defendant relies on *People v Fuqua*, 146 Mich App 250; 379 NW2d 442 (1985), to support his claim that a proper foundation had not been laid for the impeachment of the alibi witnesses.  In *Fuqua*, the Court stated:

> We note, however, that many jurisdictions which permit such an attack on the credibility of a defense alibi witness nevertheless recognize that an assumption that it is natural for a defense alibi witness to tell his or her story to the police is not always warranted and impose restrictions on the circumstances in which such an

---

[1] The defendant received a life sentence as an habitual offender, fourth offense.  MCL 769.12.

2

attack may be made.

* * *

> [B]efore the prosecutor is allowed to impeach an alibi witness for failure to come forward and tell his story to the police before trial, an adequate foundation must be laid. There must be some showing, on the record, as to why it would have been natural for the alibi witness to relate his story to the police. [*Id*. at 255-256.]

The Court in *Fuqua,* citing *People v Dawson,* 50 NY2d 311; 428 NYS2d 914; 406 NE2d 771 (1980), suggested that such an evidentiary foundation might require the prosecutor in appropriate instances to show that a witness was aware of the charges against the defendant, that the witness had reason to recognize that he possessed exculpatory information, or that the witness was familiar with how to make the information available to the police or prosecutor. [*Id*. at 255.]

III

We take this opportunity to overrule *Fuqua* and instead adopt the reasoning of *People v Phillips*, 217 Mich App 489; 552 NW2d 487 (1996). In *Phillips*, the Court concluded that no special foundation is necessary before the trier of fact may be apprised that an alibi witness failed to come forward earlier with exculpatory information. The panel in *Phillips* at 494 observed:

> While we agree that the trier of fact can be assisted in this important task [of assessing the credibility of alibi witnesses] with information regarding the reasons that an alibi witness would have been more or less likely to come forward with alibi information before trial, we do not conclude

3

that the prosecutor must lay any particular foundation before questioning a witness who has not come forward before trial. Presumably, if there are good reasons for a witness' failure to come forward earlier, these will be brought out during the direct [or redirect] examination of the alibi witness by defense counsel.

The *Fuqua* rule can only operate to deprive the trier of fact of relevant information about the credibility of an alibi defense by imposing the obligation upon the prosecutor to establish that it would have been natural for the witness to have come forward at an earlier time. The rule fails to take into account the likelihood that a witness who would fabricate an alibi would also be likely to fabricate reasons for not having come forward earlier. As the panel in *Phillips* further observed:

> The foundational rule of *Fuqua* would take this important issue [of the credibility of alibi accounts] from the factfinder in many cases. Under *Fuqua*, unless an alibi witness testifies in a fashion indicating that it would have been natural to come forward earlier, a prosecutor cannot impeach that witness by reference to the failure to come forward earlier. However, a witness who would fabricate an alibi account would also likely fabricate reasons for failing to come forward earlier. The prosecutor thus would be left without a foundation for impeaching the witness with respect to this issue or arguing that the witness' failure to come forward earlier suggests the alibi story was a recent fabrication. As a result, the factfinder would be left with no opportunity to consider the timeliness of the witness' account in weighing the credibility of that account.

> A juror or other factfinder is certainly qualified to consider whether offered reasons for an alibi witness' delay in coming forward make sense, ring true, or are otherwise persuasive. The timeliness of an alibi account may be highly probative of its truthfulness; it may, in fact, be

4

> the best or only way to determine whether the alibi is credible.  A witness should not be able to take the timeliness issue from the factfinder by fabricating "good" reasons for not coming forward earlier.  We conclude that the trial court did not err in overruling defense counsel's objections to the cross-examination questions at issue.  The credibility of an alibi witness, regarding both the alibi account and the failure to come forward earlier with that account, should not be taken from the jury through the imposition of any special foundational requirement. [*Id*. at 495-496.]

We concur with this analysis.

A defendant in a criminal case has a right to present a defense, but that right is not cloaked with protection from vigorous cross-examination.  A tardily raised or incredible claim of alibi may be challenged as part of the truth-seeking process that is a criminal trial.  *People v Hepner,* 285 Mich 631; 281 NW 384 (1938).  Where a defendant puts forth an alibi defense, that defense can be challenged by cross-examination concerning unexplained delays in its assertion or untruths in its substance.

In the case at bar, the trial court properly allowed cross-examination of the witnesses who testified in support of defendant's alibi defense.  The trier of fact must have the necessary information to assess the credibility of witnesses and determine the reliability of the evidence presented.

IV

The Court of Appeals properly affirmed the defendant's conviction and sentence.  We adopt the reasoning of *Phillips* and hold that it is unnecessary for a prosecutor to establish

5

any special foundation before cross-examining an alibi witness about the witness' failure to have come forward with information at an earlier time.

Affirmed.

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.