# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JONATHON LEE MARTIN,

       Defendant-Appellant.

UNPUBLISHED
July 21, 2015

No. 320937
Wayne Circuit Court
LC No. 13-003769-FC

Before: Fort Hood, P.J., and Saad and Riordan, JJ.

Per Curiam.

Defendant appeals his bench trial convictions for carjacking, MCL 750.529a, unlawfully driving away an automobile, MCL 750.413, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Defendant carjacked a mother and her four-year-old son in the middle of the afternoon outside a dollar store in Detroit. As she returned to her car, which was parked on a side street, the victim saw defendant, who was wearing a black hooded sweatshirt, emerge from a nearby vacant building. Defendant then approached defendant, told her "B, you know what it is," entered her car, and sat in the driver's seat. The victim handed her money to defendant through the passenger side window, and he ordered her to give him her car keys, which she did. In the process of so doing, the victim was face-to-face with defendant, and saw that he had a black handgun in the pocket of his hooded sweatshirt.

Soon after he committed the carjacking, the police saw defendant—still wearing a black hooded sweatshirt—driving the victim's stolen car, with two passengers. After police attempted to stop the vehicle, defendant and the passengers fled on foot. The police apprehended defendant 10 minutes later, and found a black handgun near the garage where defendant was hiding.

-1-

The prosecution charged defendant with: (1) carjacking, MCL 750.529a; (2) unlawfully driving away an automobile, MCL 750.413; and (3) felony-firearm, MCL 750.227b.[1] The Wayne Circuit Court held a bench trial, at which it heard testimony from, among others, the victim and defendant himself. Defendant stipulated that his arrest occurred on April 11, 2013, but later clarified that he thought he had been arrested on April 10, 2013. Defendant claimed he ran from the police because he was on probation, and professed to have an alibi for the time period when the victim was carjacked. Specifically, defendant said that he was at a friend's house during the incident, but he failed to: (1) state what time he left his friend's house; (2) provide his friend's surname; and (3) explain why the friend was not present to testify on his behalf.

The trial court convicted defendant of the above charges. On appeal, defendant says that: (1) the trial court violated his right to a fair and impartial trial when it admitted the victim's eyewitness identification testimony; (2) the prosecution presented insufficient evidence to sustain his conviction because defendant erroneously stipulated to an incorrect arrest date; and (3) the prosecutor committed misconduct when he questioned defendant on the absence of the supposed alibi witness.[2] Defendant also makes two unpreserved arguments in his Standard 4 brief: (1) that a pretrial lineup was impermissibly suggestive; and (2) that his trial counsel gave him ineffective assistance.[3] The prosecution asks us to affirm the holding of the trial court.

---

[1] The prosecution also charged defendant with armed robbery pursuant to MCL 750.529, and receiving or concealing a stolen car pursuant to MCL 750.535(7), but the trial court acquitted defendant of these charges after the bench trial.

[2] Defendant's insufficiency of evidence claim is particularly frivolous. Specifically, he avers that because he supposedly erred when he stipulated to his arrest on April 11, 2013, his convictions are unsupported by sufficient evidence. Defendant fails to explain how this "incorrect" stipulation—the "incorrectness" of which is not supported by evidence in the record—necessarily indicates that the prosecution presented insufficient evidence to sustain his convictions. This is likely because such an assertion is flatly contradicted by the record, which contains a number of facts that support defendant's convictions: (1) the victim's eyewitness testimony that defendant stole her money and carjacked her while carrying a firearm; (2) the police observed defendant driving the victim's stolen vehicle; (3) defendant fled from the police after a traffic stop; (4) after about 10 minutes, the police discovered defendant hiding in a garage; (5) a black handgun matching the description given by the victim was found near the scene of defendant's arrest; and (6) defendant's unconvincing testimony that he was at an unidentified friend's house during the carjacking incident.

[3] Neither of these arguments has any merit. Defendant has failed to provide any evidence that the pretrial lineup—which his defense counsel attended—was impermissibly suggestive. On the contrary, the victim testified that she was not pressured in any way during the lineup, and repeatedly stated that she was positive about her identification of defendant, whom she identified in less than a minute. Moreover, the victim's initial description of the defendant was far from "vague" (as defendant claims); rather she described defendant as about 18 to 21 years old, with a "baby face" and brown skin. She further described him as being slightly taller than her,

## II. STANDARD OF REVIEW

Because defendant did not object to the eyewitness identification testimony at trial, his appeal on this matter is unpreserved and is reviewed for plain error that affected his substantial rights. *People v McCray*, 245 Mich App 631, 638; 630 NW2d 633 (2001).

Where a defendant fails to timely object at trial to alleged prosecutorial misconduct, appellate review "is precluded . . . except when an objection could not have cured the error, or a failure to review the issue would result in a miscarriage of justice." *People v Unger*, 278 Mich App 210, 234-235; 749 NW2d 272 (2008). Unpreserved claims of prosecutorial error are reviewed for plain error affecting substantial rights, with reversal "warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Bennett*, 290 Mich App 465, 475-476; 802 NW2d 627 (2010). "[A]llegations of prosecutorial misconduct are considered on a case-by-case basis, and the reviewing court must consider the prosecutor's remarks in context." *Id.* at 475.

## III. ANALYSIS

### A. EYEWITNESS IDENTIFICATION TESTIMONY

Eyewitness identification testimony can serve as an essential and important piece of evidence in the prosecution's case, and a trial court is absolutely permitted to admit such evidence. *People v Davis*, 241 Mich App 697, 700-706; 617 NW2d 381 (2000). Here, the victim testified that she saw defendant "face-to-face" for an extended period of time as he took her money and stole her car. Defendant has utterly failed to explain why this testimony should not be admitted, other than voice his inaccurate belief that eyewitness identification testimony is inadmissible. Nor has he demonstrated that admission of this testimony—which the trial court obviously found to be accurate—affected his substantial rights in any way. *McCray*, 245 Mich

---

weighing about 160 pounds, and wearing a "black hoody sweatshirt." And the fact that police showed the victim a surveillance video of the carjacking before she identified defendant is not unduly suggestive where, as here, the images simply refresh the memory of the witness by depicting the actual perpetrator. *People v Kurylczyk*, 443 Mich 289, 309-310; 505 NW2d 528 (1993).

Likewise, defendant's assertion of ineffective assistance of counsel is unpreserved and belied by the record. Defendant has failed to cite any record evidence that demonstrates that his counsel performed ineffectively, much less that defendant was prejudiced in any way by his trial counsel's performance. *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). Instead, he merely asserts that his counsel should have included (unnamed and unspecified) witnesses on his witness list, and that his counsel should have objected to the (properly conducted) pretrial lineup. Counsel is not ineffective for failure to raise a meritless objection. *People v Hardy*, 494 Mich 430, 445; 835 NW2d 340 (2013).

App 631. Accordingly, his argument is frivolous, contrary to Michigan law, and must be rejected.[4]

## B. PROSECUTOR'S CONDUCT

The prosecution does not shift the burden of proof to a defendant by addressing a theory advanced by the defense at trial. *People v Callon*, 256 Mich App 312, 331; 662 NW2d 501 (2003). And though a criminal defendant has the right to present a defense, "that right is not cloaked with protection from vigorous cross-examination." *People v Gray*, 466 Mich 44, 48; 642 NW2d 660 (2002). Accordingly, "[w]here a defendant puts forth an alibi defense, that defense can be challenged by cross-examination concerning unexplained delays in its assertion or untruths in its substance." *Id.* The prosecution is also permitted to comment on defendant's failure to call corroborating witnesses. *People v Fields*, 450 Mich 94, 115; 538 NW2d 356 (1995).

Here, defendant testified on direct examination that he did not commit the charged crimes because he was at a friend's house on the date of the carjacking. On cross-examination, the prosecution questioned defendant regarding this alibi, and asked why defendant had not produced his friend as a witness to corroborate this story. These questions are perfectly proper—the prosecution merely questioned defendant about a theory he advanced that he claimed proved his innocence. Far from constituting misconduct, this behavior is exactly what is expected of a prosecutor conducting a rigorous cross-examination. *Gray*, 466 Mich at 48.[5]

---

[4] Equally unavailing is defendant's argument that we should take "judicial notice" of news footage hosted on YouTube, which allegedly contains an out-of-court statement by the victim that contradicts her trial testimony. Such news footage cannot be judicially noticed pursuant to MRE 201(b)(2) because the footage is not a "fact[] that can be accurately determined by sources of unquestionable reliability." *People v Goecke*, 457 Mich 442, 448 n 2; 579 NW2d 868 (1998). On the contrary, the "Terms of Service" on YouTube state that the website's content may be "inaccurate" and that "YouTube is not responsible for the accuracy" of its hosted content. YouTube Terms of Service, <https://www.youtube.com/t/terms> (accessed May 7, 2015). In any event, this video footage is not contained in the trial court record and we refuse to consider it. *Band v Livonia Associates*, 176 Mich App 95, 104; 439 NW2d 285 (1989).

[5] Were we nonetheless to assume that the prosecution committed misconduct in its questioning of defendant regarding his friend's absence at trial, the supposed misconduct would have been harmless because it occurred at a bench trial. *People v Wofford*, 196 Mich App 275, 282; 492 NW2d 747 (1992).

Affirmed.

/s/ Karen M. Fort Hood
/s/ Henry William Saad
/s/ Michael J. Riordan
