**Aurscant Hughey BEY, Plaintiff,**

v.

**SAGINAW COUNTY, Eric Kaiser, City of Saginaw, and Three Unnamed Saginaw Police Officers, Defendants.**

**No. 85–CV–10141–BC.**

United States District Court, E.D. Michigan, N.D.

Dec. 17, 1986.

Glen N. Lenhoff, Gault, Davison, Bowers & Hill, Flint, Mich., for plaintiff.

Thomas J. Doyle, O'Neill, Ackerman, Wallace & Doyle, P.C., Saginaw, Mich., for defendants Saginaw County and Eric Kaiser.

Robert E. Helm, Ass't City Atty., Saginaw, Mich., for defendant City of Saginaw.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

This is an action under 42 U.S.C. § 1983 in which the plaintiff alleges that he was arrested and incarcerated for more than 80 days without probable cause and without being afforded a timely preliminary examination, both in violation of the due process clause of the fourteenth amendment. Defendant Saginaw County has moved for summary judgment pursuant to Fed.R. Civ.P. 56(b).[1]

Federal Rule of Civil Procedure 56(c) provides that a party shall be granted summary judgment if it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party need not submit affidavits nor produce evidence showing that there is no genuine issue of material fact as to issues on which the nonmoving party has the burden of proof, but merely need point out the "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. ——, ——, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 274–75 (1986). Defendant Saginaw County, the moving party, has met its burden under Rule 56 by pointing out to the Court the absence of evidence to support the existence of a municipal policy, an essential element of the plaintiff's case on which he has the burden of proof.

The sole remaining question is whether plaintiff has made a showing sufficient to establish a genuine issue of material fact as to the existence of a municipal policy, a prerequisite to municipal liability. *See Monell v. New York City Dep't. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff relies on *Pembaur v. Cincinnati,* —— U.S. ——, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). In *Pembaur,* the Supreme Court held that a single decision by municipal policymakers may constitute an official policy and thereby give rise to § 1983 liability under appropriate circumstances. *Id.* at ——, 106 S.Ct. at 1298. The Court, however, qualified its holding: "[M]unicipal liability attaches where—and only where—a deliberate choice to follow a course of action is made

1. The City of Saginaw, Assistant Saginaw County Prosecutor Eric Kaiser and several John Does are also defendants in this lawsuit.

from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at ——, 106 S.Ct. at 1300.

■ Whether an official has final policymaking authority in a given area is a question of state law. *Id.* Final authority to make policy may be granted to an official in two ways: 1) directly by legislative enactment; or 2) delegated by an official who possesses such authority. *Id.* The mere fact that an official has authority to make particular decisions in a given area does not necessarily mean that the official has final policymaking authority with respect to that area or those decisions. *Jett v. Dallas Indep. School Dist.,* 798 F.2d 748, 760 (5th Cir.1986) (citing *Pembaur,* —— U.S. at —— n. 12, 106 S.Ct. at 1300 n. 12.).[2]

■ Plaintiff submits two decisions upon which he attempts to base a municipal policy under *Pembaur:* 1) the decision to initiate a criminal prosecution by authorizing the issuance of complaints and arrest warrants allegedly without probable cause; and 2) the alleged decision to deny plaintiff a preliminary examination within the time period required by state law. The uncon-

tradicted evidence in this case indicates that Assistant Prosecutor Kaiser is the official who made the decision to initiate the prosecution of plaintiff for armed robbery and felon in possession of a firearm. However, plaintiff has failed to offer any evidence whatsoever to indicate that Kaiser possessed final policymaking authority with respect to the initiation of prosecutions throughout Saginaw County.[3] The Court is unaware of any legislative enactment that gives an assistant prosecutor such authority, and plaintiff offers no evidence of a delegation of such authority by another official who possesses such authority.[4] Therefore, the decision to initiate the prosecution against plaintiff cannot survive summary judgment as the basis of a *Pembaur* policy.

■ As for the alleged decision to deny plaintiff a timely preliminary examination, again plaintiff offers no evidence to indicate that whoever made the alleged decision possessed final policymaking authority with respect to the subject matter in question. Additionally, it is clear to the Court that plaintiff waived his statutory right to a preliminary examination within 12 days of arraignment under M.C.L.A. § 766.4. Under Michigan Law, the right to a timely preliminary examination may be waived for

**2.** This distinction is crucial. Otherwise *Pembaur* would devour *Monell,* resulting in municipal liability based upon respondeat superior. *See Tarantino v. North Carolina,* 639 F.Supp. 661, 670–71 (W.D.N.C.1986).

**3.** A broader holding by the Court in *Pembaur* would have seriously undermined absolute prosecutorial immunity under § 1983 for quasi-judicial decisions. If every act by an assistant prosecutor constituted a municipal policy, the resulting county liability under § 1983 would eventually have a chilling effect on decisions to bring criminal prosecutions and other quasi-judicial acts. *See Pembaur v. Cincinnati,* ——, ——, 106 S.Ct. 1292, 1307, 89 L.Ed.2d 452, 473 (1986) (Burger, C.J., Powell and Rehnquist, JJ., dissenting). "It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Imbler v. Pachtman,* 424 U.S. 409, 427–28, 96 S.Ct. 984, 993–94, 47 L.Ed.2d 128, 142 (1976).

The Court granted summary judgment to Defendant Kaiser in a separate order and opinion

because he is absolutely immune from § 1983 liability for his decision to initiate a prosecution against the plaintiff. *See Joseph v. Patterson,* 795 F.2d 549, 555 (6th Cir.1986). Because Kaiser did not have final policymaking authority and thus did not establish a *Pembaur* policy, the Court does not reach the issue of whether a single decision by an official possessing final policymaking authority can constitute a municipal policy under *Pembaur* when that decision enjoys absolute immunity from § 1983 liability under *Imbler. Compare Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (qualified immunity under § 1983 does not extend to municipalities).

**4.** In *Pembaur,* the Court found a municipal policy based on a single decision by the County Prosecutor because an Ohio statute specifically provided that decisions by the sheriff's office, the usual policymaker regarding law enforcement practices, may be delegated to the County Prosecutor and a delegation of final policymaking authority occurred in that instance. *Pembaur,* —— U.S. at ——, 106 S.Ct. at 1301.

good cause. *See People v. Horne*, 147 Mich.App. 375, 383 N.W.2d 208 (1985). The uncontradicted evidence indicates that plaintiff waived his right to a timely preliminary examination before Judge Tarrant within the required period on November 17, 1983, for more than two weeks in order to take a polygraph. On November 30, 1983, plaintiff's defense counsel, Assistant Prosecutor Kaiser and Judge Tarrant all signed a stipulation and order adjourning the preliminary examination, which had been rescheduled for December 5, 1983, until after December 13, 1983, the day plaintiff was to take a polygraph. In the meantime, however, a federal parole violation warrant was issued for plaintiff on December 12, 1983, providing an independent basis for plaintiff's continued incarceration. Therefore, not only has plaintiff failed to submit evidence to the effect that the decision to deny plaintiff a timely preliminary examination was made by an official possessing final policymaking authority, but the evidence indicates that no such decision was made at all: plaintiff waived his right to a timely preliminary examination.[5]

Accordingly, Defendant Saginaw County's motion for summary judgment will be granted with respect to Counts II and III of the First Amended Complaint because plaintiff has "failed to make a sufficient showing on an essential element of [his] case with respect to which he has the burden of proof," *Celotex*, 477 U.S. at ——, 106 S.Ct. at 2553, the existence of a municipal policy.

---

[5]. The Court does not decide whether or assume that the initiation of a prosecution without probable cause or the denial of a timely preliminary examination under state law could constitute a denial of due process under the Fourteenth Amendment for purposes of bringing an action under § 1983.